JOHN DOE, on the demise of SALLIE A. SMITH, ZAIDEE T.
PHILLIPS and FRANK J. MAY, vs. RICHARD ROE, casual
ejector and MARGARETTA M. MAY, tenant in possession.

*Ejectment—Deed; Delivery of—Husband and Wife—Statute of.
Frauds—Verbal Agreements—Escrow—Conditional Delivery.*

1.   The mere execution and acknowledgment of a deed is not sufficient to pass
title.   Delivery is essential to its operation, and it takes effect only upon its delivery.
It need not be delivered at the time it is executed, but may be at any time afterwards,
during the lifetime of the grantor.   A delivery, however, arter the death of the grantor
would not be sufficient.

2.   No formality of words or action is necessary to constitute a valid delivery of
a deed.   Anything which signifies the intention of the grantor to part with his control
or dominion over the paper, so that it may become a muniment of title to the grantee,
operates as a legal delivery.   The question of delivery is purely one of intention, to be
determined by all the circumstances in the case.

3.   The mere fact that a deed has been recorded, is not *conclusive* evidence of
its delivery, but generally, in the absence of evidence to the contrary, such fact is *prima
facie* evidence.

4.   A delivery of a deed to one of several grantees for the benefit of all, is
equivalent to a delivery to all.

5.   When a deed, duly executed, is found in the possesion of the grantee, the
law presumes a delivery to him, but this presumption may be rebutted by evidence to
the contrary.

6.   A delivery of a deed by the grantor to the grantee is an absolute delivery,
because the delivery as an escrow cannot be made to the grantee.

7.   Any qualifications of the terms of a deed, absolute on its face, and duly
executed and delivered to the grantees, must be in writing.   A delivery once complete
and absolute, cannot be affected by anything the grantor may say or do afterwards.

8.   No verbal agreement or understanding between the husband and wife will
prevent the husband—owner of the premises—from making and delivering a deed
therefor at any time, so as to pass his title, subject to her right of dower.   If she was
not a party to such deed, or for any reason it was void as to her, it would not for that
reason be void as to the husband.

9.   No verbal understanding or agreement between husband and wife can create
a life, or freehold, estate in the wife.

( *May 31, 1901.*)

Lore, C. J., and Spruance and Grubb, J. J., sitting.

*William S. Hilles* for plaintiff.

*Lilburne Chandler* for defendant.

Superior Court, New Castle County, May Term, 1901.

Action of Ejectment (No. 118, February Term, 1900). The facts appear in the charge of the Court.

Spruance, J., charging the jury:

Gentlemen of the jury:—This is an action of ejectment, brought by Sallie A. Smith, Zaidee T. Phillips and Frank J. May, against Margaretta M. May, to recover the possession of a certain house and lot, situated in this city, known as No. 1403 Harrison Street.

By a paper signed by the attorneys of the parties, it is agreed that George S. May was on the tenth day of November, 1884, the owner in fee simple· of said premises. As both parties claim title under him, it is unnecessary to enquire how his title was acquired.

It is admitted that the plaintifis are three of the children of the said George S. May and that the defendant is his widow. It is also admitted that on the said tenth day of November, 1884, the said George S. May and the defendant, then his wife, executed and acknowledged a deed, purporting to convey the said premises in fee simple to the defendants; and that said deed was recorded in the Recorder's office of this county on the fifth day of May, 1891. It is conceded that the said George S. May remained in the possession of said premises until his death on November 15th, 1898, and that the defendant has ever since been in possession of the same.

It is contended by the defendant that the said deed remained in the possession of the said George S. May until his death and that it was never delivered to the plaintiffs, or either of them,

during the lifetime of the said George S. May, or since his decease, and that it is therefore void.

The plaintiffs claim that the said deed was delivered by the said George S. May to one of them, for the benefit of all of them, three or four years before the death of the said George S. May.

It will thus be seen that the main question for your determination is as to the delivery of the said deed. The mere execution and acknowledgment of a deed of real estate is not sufficient to pass title. Delivery is essential to its operation and it takes effect only upon its delivery. If from the evidence the jury believe that the deed in question was never delivered to the grantees, or any of them, then no title passed by it to them, and they cannot recover in this action.

It is not necesssary that a deed be delivered at the time it is executed. It may be delivered at any time afterwards, during the lifetime of the grantor, but a delivery after the death of the grantor would not be sufficient.

*Guest vs. Beeson, 2 Houst., 267.*

While the delivery of a deed is essential to the transfer of title under it, no formality of words or action is necessary to constitute a valid delivery. Anything which signifies the intention of the grantor to part with his control or dominion over the paper, so that it may become a muniment of title to the grantee, operates as a legal delivery. The question of delivery is purely one of intention, to be determined by all the circumstances of the case.

*Jamison vs. Craven, 4 Del. Ch., 326–7–8; Jones vs. Bush, 4 Harr., 7; Guest vs. Beeson, 2 Houst., 264.*

The mere fact that a deed has been recorded, is not *conclusive* evidence of its delivery.

*Pennell vs. Weyant, 2 Harr., 508; Guest vs. Beeson, 2 Houst., 267.*

But generally, in the absence of evidence to the contrary, the fact that a deed has been recorded is *prima facie* evidence of

delivery. · This, however, may be rebutted by satisfactory evidence that it was not delivered.

*9 Am. & Eng. Ency. of Law, 159-160.*

A delivery of a deed to one of several grantees for the benefit of all, is equivalent to a delivery to all.

*9 Am. & Eng. Ency. of Law, 159.*

When a deed, duly executed, is found in the possession of the grantee, the law presumes a delivery to him—but this presumption may be rebutted by evidence to the contrary.

*9 Am. & Eng. Ency. of Law, 159.*

If the jury are satisfied from the evidence that this deed was delivered by George S. May, in his lifetime to one of the grantees, for the benefit of all of them, it will be presumed to have been an absolute delivery, because delivery of a deed as an escrow, must be made to a third party, and cannot be made to a person named therein as grantee.

*Herdman vs. Bratten, 2 Harr., 296.*

Any qualifications of the terms of a deed, absolute on its face, and duly executed and delivered to the grantees, are required by our statute of frauds to be in writing.

A delivery once complete and absolute, cannot be affected by anything the grantor may afterwards say or do.

*Guest vs. Beeson, 2 Houst. 267.*

We are requested by the defendant to charge you, that if you believe that said deed was not to be delivered to the grantees until after the death of the defendant, the alleged delivery thereof by the said George S. May to one of the plaintiffs would not be binding upon the defendant, or affect her possession of the premises. We cannot so charge.

If George S. May was the owner of said premises in fee simple, no verbal agreement or understanding between him and his wife would prevent him from making a conveyance of the same to any person whenever he might see fit to do so. Nor would a verbal agreement between him and her, that a deed of part of his

real estate, which they had both executed, should not be delivered to the grantees during her lifetime, prevent him from afterwards making a valid delivery thereof to the grantees while he and she were both living, so as to pass his title to the property, subject to her right of dower, or thirds, therein.

If she was not a party to such deed or being a party to it, it was for any cause void as to her, this would not render it void as to him, but would merely leave the premises, upon her husband's death, subject in the hands of his grantees, to her right of dower.

The defendant claims that she is entitled to a life estate in the whole of the premises in question. No verbal understanding or agreement between her and her husband could create such an estate. Such an interest in the premises would be a freehold estate, and could not have been created by her husband except by a valid deed or will.

If any witness in this case is proved to have made elsewhere, statements or admissions contrary to his or her testimony before you, such statements or admissions affect the credibility of the witness, and especially is this so, if such statements or admissions were made in judicial proceedings and under oath.

In this connection, however, you should take into consideration all the facts and circumstances attending the making of such statements or admissions, and any explanations made by the witness of the cause of the apparent discrepancy between his or her present testimony and such former statements or admissions.

*Sharp and Evans vs. Swayne, 1 Pennewill, 210.*

You are the sole judges as to the facts, and your verdict should be for that party in whose favor is the preponderance of the evidence.

Verdict: "We find the defendant guilty of the trespass and ejectment in the plaintiff's declaration mentioned."