JAMES H. SEATON *et al.*

*v.*

LUCETTA LEE *et al.*

*Opinion filed April 17, 1906.*

1. DEEDS—*what does not make a deed testamentary in character.* A deed vesting a present estate in the grantee subject to the grantor's life estate is not rendered invalid, as an attempted revocation of the residuary clause in the grantor's will, by the fact that the consideration named in the deed is to be deducted from the grantee's share of the grantor's estate according to the will of the grantor.

2. WITNESSES—*when the complainants are competent witnesses.* The defendant in a suit to set aside a deed, the consideration for which is to be deducted from the grantee's share of the grantor's estate according to his will, defends as a grantee and not as an heir or devisee of the grantor, and the complainants are not disqualified as witnesses under section 2 of the Evidence act.

APPEAL from the Circuit Court of Bureau county; the Hon. R. M. SKINNER, Judge, presiding.

GEORGE S. SKINNER, and H. M. & CAIRO A. TRIMBLE, for appellants.

WATTS A. JOHNSON, and J. L. SPAULDING, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Bureau county dismissing a bill for want of equity, after a hearing upon bill, answer and replication.

Isam W. Seaton died in that county, where he resided, on November 1, 1903, leaving his last will and testament, which had been executed on November 17, 1893, and the same was admitted to probate late in the year of his death. He was without descendants and unmarried. By his will he made sundry minor bequests, and then devised and bequeathed the residue of his estate to his brother, James H. Seaton, and his sisters, Eliza J. Munson, Sarah C. Porter, Nancy B. Ott and Lucetta Lee, to be divided among them, share and share alike.

During the year preceding his death, and on October 13, 1902, he executed a warranty deed purporting to convey to his sister Lucetta Lee a tract of real estate containing two hundred acres, situated in Bureau county, for the expressed consideration of $11,500. That instrument contains the following clause: "The grantor reserving, however, a life interest in and to the above described tracts of land. And it is agreed and understood by and between the parties hereto, that the consideration in this deed mentioned is to be deducted from the grantee's share of the grantor's estate, be said share more, otherwise if less, according to the will of said grantor."

Lucetta Lee has been in possession of said real estate since the death of her grantor, claiming to be the owner thereof. The administration of the estate has proceeded far enough so that it is apparent that the share of each of the residuary legatees will be at least $11,500.

On September 3, 1904, the residuary devisees other than Lucetta Lee filed their bill, making Lucetta Lee and her husband, James F. Lee, defendants, averring that the considera-

tion mentioned in the deed from Isam W. Seaton to Lucetta Lee was grossly inadequate, and seeking to have that deed set aside and declared null and void for the reasons following: First, the grantor was without sufficient mental capacity to make a valid conveyance; second, the grantee obtained the execution of the deed by the exercise of undue influence; third, the deed was never delivered; fourth, if otherwise valid the conveyance is a testamentary document, and void, for the reason, as urged by appellants, that the execution of the deed amounted to an attempted revocation of the residuary clause of the will so far as the real estate described in the deed is concerned, and that such revocation could not be accomplished by a deed. The defendants answered and a replication was filed to the answer. The cause was heard and the testimony taken before the chancellor in open court.

It is apparent from an examination of the deed that the fourth ground urged against its validity by the bill is not good. If otherwise valid,—that is, if the grantor had capacity, was not the victim of undue influence, and the deed was delivered,—it conveyed an immediate estate in lands to the grantee. By it she would then acquire a vested remainder in fee, subject only to the life estate of the grantor. The removal of the real estate which it conveyed, from the operation of the will of the deceased, and the method provided for the payment of the consideration, or the satisfaction of the liability of Lucetta Lee for the consideration, do not alter the situation. The instrument was not testamentary in its character. *Latimer* v. *Latimer,* 174 Ill. 418.

The other questions arising in the cause were questions of fact. The chancellor reached the conclusion that the evidence did not preponderate against the defendants.

For the purpose of maintaining the issues on their part, the complainants offered, among other evidence, the testimony of three of their number, namely, James H. Seaton, Sarah C. Porter and Nancy B. Ott. The two latter appeared

upon the witness stand in open court, and the deposition of the former of these three was offered. The testimony of each of the three was objected to upon the ground that the witness was incompetent, and this objection was sustained in each instance. The deposition of James H. Seaton appears in the abstract. We have examined it. His testimony was material and tended to prove the bill. The evidence of each of these three witnesses was excluded on the ground that they were incompetent by reason of that portion of section 2 of chapter 51, Hurd's Revised Statutes of 1903, which reads as follows:

"No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as the trustee or conservator of any idiot, habitual drunkard, lunatic or distracted person, or as the executor, administrator, heir, legatee or devisee of any deceased person, or as guardian or trustee of any such heir, legatee or devisee, unless when called as a witness by such adverse party so suing or defending."

Lucetta Lee contended, in support of her objection to the competency of the complainants, that she was defending as heir and devisee of Isam W. Seaton. We think this a mistaken view. The purpose of the bill was to set aside a deed made to her, and she was defending as grantee, while the complainants were suing as devisees. Her rights and interests, either as heir or devisee, were not attacked and could not be affected by the result of this suit, except that if the averments of the bill are true and the deed should be set aside, her interest in the residue of the estate would be increased. The purpose of this statute, as said in *Mueller* v. *Rebhan,* 94 Ill. 142, is to protect the estates of deceased persons from the assaults of strangers. This is not an assault upon the estate of the deceased, but an attack upon the grantee, and the result of the suit, should complainants prevail,

if the consideration for the deed is inadequate, would be to augment the estate of Isam W. Seaton. The theory of the statute is, that as the mouth of the deceased has been closed by death, the mouth of his antagonist should, in the courts, be closed by law. The complainants in this suit were competent witnesses. *Pigg* v. *Carroll,* 89 Ill. 205; *Mueller* v. *Rebhan, supra; Kershaw* v. *Kershaw,* 102 Ill. 307; *Goelz* v. *Goelz,* 157 id. 33; *Laurence* v. *Laurence,* 164 id. 367; *Gage* v. *Eddy,* 179 id. 492; *Fleming* v. *Mills,* 182 id. 464.

The case of *Guild* v. *Warne,* 149 Ill. 105, relied upon by appellees, is not in point.

For error in excluding competent testimony the decree of the circuit court is reversed, and the cause is remanded to that court for such further proceedings as may to justice and equity appertain.                    *Reversed and remanded.*