ALEXANDER GRINDLE *et al.* Plaintiffs in Error, *vs.* ROBERT
E. GRINDLE *et al.* Defendants in Error.

*Opinion filed April 23, 1909—Rehearing denied June 2, 1909.*

1. EVIDENCE—*when widow and children are not incompetent to testify.* In a proceeding for partition among the children of the deceased land owner, and to cancel certain deeds to two of them, if the only issue made is the validity of such deeds, the children are not incompetent to testify under section 2 of the Evidence act; nor is the widow incompetent, except as to matters from which she is excluded by section 5 of such act.

2. SAME—*husbands of co-tenants are not incompetent to testify.* In a proceeding for partition the husbands of the female co-tenants are competent witnesses, since the litigation is concerning the separate property of their wives.

3. SAME—*testimony of attorney who withdraws merely nominally will not be given great weight.* Courts are not inclined to give great weight to the testimony of an attorney who conducted the case for the defendants up to the time his testimony was required, where it was apparent from the time the bill was filed that his testimony would be important to his clients and where there is good reason to believe that his withdrawal from the case to testify was merely nominal.

4. DEEDS—*when delivery of a deed as an escrow does not pass title.* Where a voluntary conveyance from father to son is placed in an envelope and deposited in a bank, to be delivered after the death of both the grantor and his wife, and a contract is made at the same time by which the grantee agrees to pay a yearly sum so long as the grantors, or either of them, shall live, in consideration of delivery of possession of the land, no title will pass until the death of both the grantor and his wife, notwithstanding the wife, after the grantor's death, obtains possession of the deed from the bank and gives it to the grantee.

5. SAME—*deed and contract executed contemporaneously are to be construed together.* A deed and a contract executed contemporaneously, relating to the same subject matter and referring to each other, are to be construed as one instrument in arriving at the intention of the parties.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. W. C. JOHNS, Judge, presiding.

John E. Jennings, and F. J. Thompson, for plaintiffs in error.

E. E. Wright, (Walter Eden, of counsel,) for defendants in error.

Mr. Chief Justice Cartwright delivered the opinion of the court:

Felix Grindle died intestate on July 31, 1907, leaving Mary Grindle, his widow, and Alexander Grindle, Dell Betts, Robert E. Grindle, Willis E. Grindle and Minnie Evans, his children and only heirs-at-law. On August 7, 1907, Alexander Grindle filed an original bill in the circuit court of Moultrie county for the assignment of homestead and dower and partition of one hundred and eighty acres of farm lands in said county and a small tract in Shelby county and some lots in the village of Hammond, in Piatt county, which lots had been occupied as a homestead. After the bill was filed two deeds were placed on record on August 15, 1907, made by Felix Grindle and Mary Grindle, one purporting to convey eighty acres of the farm lands to Robert E. Grindle and the other purporting to convey another eighty acres to Willis E. Grindle. On the same day that the deeds were so placed on record Robert E. Grindle and Willis E. Grindle filed their answer denying that Felix Grindle was, at the time of his death, the owner of the lands described in said deeds and claiming title in themselves under the deeds. On October 3, 1907, the bill was amended, and Dell Betts, who had been one of the defendants, was joined as a complainant. The amended bill alleged that at the time of the making of the deeds Felix Grindle was incompetent, by reason of advanced years and mental infirmities, to make them; that the deeds were obtained by undue influence and duress, and that they were never delivered in the lifetime of Felix Grindle but remained in his possession and under his direction and control. A prayer was added

that the court declare the deeds void as a cloud upon the title to the premises. The amended bill was answered and replications were filed to the answers. There was no issue made except as to the validity of the two deeds and the title to the two tracts, of eighty acres each, claimed by Robert E. Grindle and Willis E. Grindle, respectively. The cause was referred to the master in chancery to take and report the evidence without any conclusions of law or fact. The evidence was so taken, and upon hearing it the court entered a decree finding that Felix Grindle, at the time he signed and acknowledged the deeds, had sufficient mental capacity to understand and perform such acts and did so without any undue influence or duress; that he delivered the deeds to the Merchants' and Farmers' State Bank at Sullivan in escrow, to be delivered to the grantees upon the death of said Felix Grindle and Mary Grindle, his wife; that as a part of the same transaction two other contracts were entered into between Felix Grindle and Mary Grindle of the first part and Robert E. Grindle and Willis E. Grindle, respectively, as parties of the second part; that after the death of Felix Grindle the deeds were delivered, with the assent of Mary Grindle, the widow; that the testimony of Mary Grindle and the children of Felix Grindle, and their wives and husbands, was not competent and was not considered, and that the delivery of the deeds to the bank passed the title to the lands to the grantees subject to the life estate of Felix Grindle and Mary Grindle, and that the lands were not subject to partition, as the property of Felix Grindle, at the time of his death. The court decreed the assignment of homestead and dower and partition of the remaining lands and lots, as prayed for in the amended bill. A writ of error was sued out from this court to review the decree.

The court recited in the decree that the evidence of Mary Grindle, the widow, and of the children of Felix Grindle, and their wives and husbands, was not competent

and was not considered. The defendants Robert E. Grindle and Willis E. Grindle were not claiming as heirs of Felix Grindle, but as grantees, and neither the widow nor the children were rendered incompetent to testify by the provisions of section 2 of the act in regard to evidence and depositions. (*Gage* v. *Eddy,* 179 Ill. 492; *Hudson* v. *Hudson,* 237 id. 9.) The widow was not competent to testify as to any matter from which she was excluded by the proviso to section 5 of said act, (*Donnan* v. *Donnan,* 236 Ill. 341,) but otherwise she was entirely competent, and she did testify to other matters. The husbands of Dell Betts and Minnie Evans were competent witnesses for the reason that the litigation was concerning the separate property of the wife. The finding was not in accordance with the law.

The deeds and contracts were prepared by W. K. Whitfield, an attorney, and he filed the answers of Robert E. Grindle and Willis E. Grindle and appeared in the case as their solicitor. He conducted the examination of the witnesses on their behalf before the master until the conclusion of all the testimony and then withdrew from the case, and his brother-in-law, who had a desk in his office and had been recently admitted to practice, was substituted as solicitor for said parties. He then testified as a witness to the entire transaction so far as he had been connected with it and the instructions given him, tending to show both competency and freedom from undue influence. As soon as the amended bill was filed it was apparent that his testimony would be important in behalf of his clients, and there is good reason to believe that the withdrawal was only nominal and that he was as much the solicitor of the parties after the withdrawal as before. We have not been disposed to give very great weight to the testimony of one who assumes the double burden of acting as solicitor in a case and furnishing the evidence necessary to success. (*Wilkinson* v. *People,* 226 Ill. 135; *Bishop* v. *Hilliard,* 227 id. 382.) In considering this case we have given to the testimony of the

witness such weight as we consider it entitled to in view of his relation to the suit, and from all the evidence we conclude that the material facts are as follows:

On October 1, 1906, at the solicitation of Robert E. Grindle and in pursuance of a previous arrangement made by him, Felix Grindle and Mary Grindle, his wife, and their two sons Robert E. Grindle and Willis E. Grindle, went to the office of Sentel & Whitfield, in Sullivan, Illinois. Felix Grindle was about eighty years old, with the infirmities usual at such an age. He was feeble, walked with an uncertain and shuffling gait, was nervous and excitable and entertained peculiar religious views, keeping both Saturday and Sunday as the Sabbath day, which he said he did for safety, so as to be sure to be right as to the proper day. He explained to Whitfield his purpose to execute a deed of one eighty-acre tract to Robert E. Grindle and also a deed of the other eighty-acre tract to Willis E. Grindle, and he furnished a tax receipt for the description. He did not want the deeds put on record and they were not to be delivered until after his death and that of his wife, but he desired to put the sons in possession of the lands at the expiration of an existing lease, on condition that they each pay $150 per annum, from the time of taking possession, so long as his wife and he should live. To carry out that intention the attorney put the transaction in form by making warranty deeds without any reservation, and separate contracts. He prepared a deed to Robert E. Grindle for one eighty-acre tract and a contract between Felix Grindle and Mary Grindle of the first part and Robert E. Grindle of the second part, reciting the execution and delivery, as an escrow, of said deed to the Merchants' and Farmers' State Bank at Sullivan, to be delivered by said bank to Robert E. Grindle upon the death of both of the grantors, and further reciting that the grantors were desirous of delivering possession of the property, and in consideration of such delivery of possession Robert E. Grindle agreed to pay

$150 annually so long as the grantors, or either of them, might live, on or before the first day of January of each year, and to keep all taxes paid from the time of receiving possession. A like deed was made of the other eighty-acre tract to Willis E. Grindle and a similar contract was also made. The deeds were signed and acknowledged by the grantors and the contracts were made in duplicate and were signed by the parties. Robert E. Grindle took one copy of the contract in which he was interested and Willis E. Grindle took one copy of the other contract in which he was interested and the other copies were retained by Felix Grindle. The deeds were placed in separate envelopes, and on the back of one there was written, "Deed from Felix Grindle to Robert E. Grindle, to be delivered upon the death of Felix Grindle and Mary Grindle." There was the same endorsement on the other envelope except as to the name of the grantee, which was Willis E. Grindle. All four went to the bank and the two envelopes were left with the teller, who endorsed on each envelope, "Care of W. A. Steele," who was the president of the bank, and on one of them the date was noted. The deeds remained in the bank until August 15, 1907, after the filing of the original bill, when Robert E. Grindle went to his mother, Mary Grindle, and asked her to go to Sullivan and get the deeds. She went with Robert E. Grindle and Willis E. Grindle and in some way obtained the deeds from someone in the bank, and they then went to the office of Sentel & Whitfield, where the envelopes were opened, and the deeds were left with Whitfield and were filed for record the same day. None of the officers of the bank, including the president, W. A. Steele, had any recollection, when testifying, of delivering the envelopes to Mary Grindle and could not tell how she got them. When she testified she could not tell from whom or how she obtained them, and it is quite apparent that they were not understandingly delivered to her. The deeds recited a consideration of one dollar and love

and affection, but they were without any consideration whatever, in fact, and were intended as gifts or voluntary settlements. The lands were occupied by Lester Betts, husband of Dell Betts, under a written lease, which expired March 1, 1908. Neither Robert E. Grindle nor Willis E. Grindle obtained possession of the lands, but on December 24, 1907, while the suit was pending, Robert E. Grindle deposited $150 in a bank to the credit of Mary Grindle and afterward paid the taxes on the eighty acres claimed by him for the year 1907, and Willis E. Grindle made like payments, but Mary Grindle had no knowledge of such deposits or payments.

The court by the decree found that the deeds, when delivered to the bank, vested title in the grantees subject to a life estate of Felix Grindle and Mary Grindle. The cases relied upon to sustain that finding are cases of unconditional delivery to a third person for the grantee, and the rules therein stated do not apply to the facts of this case. Here the deeds were enclosed in envelopes and were not to be delivered to the grantees by the depositary until the death of both Felix Grindle and Mary Grindle, and a deed delivered as an escrow, to be delivered by the depositary to the grantee upon the happening of a future event, is not operative to convey title. Such a deed has no effect as a conveyance, and no estate passes until the event happens and the second delivery is made or at least the grantee becomes absolutely entitled to such delivery. (Sheppard's Touchstone, 59; 2 Blackstone's Com. 307; *Stone* v. *Duvall,* 77 Ill. 475; *Hoig* v. *Adrian College,* 83 id. 267; 16 Cyc. 588; 11 Am. & Eng. Ency. of Law,—2d ed.—345.) The grantee acquires no right by an unauthorized delivery before the happening of the event upon which the delivery is to take place. (16 Cyc. 579.) Furthermore, the deeds and contracts are to be construed together, under the rule that contemporaneous instruments relating to the same subject matter and referring to each other shall be read and con-

strued as one instrument in arriving at the intention of the parties. (*Gardt* v. *Brown,* 113 Ill. 475; *Freer* v. *Lake,* 115 id. 662; 9 Cyc. 580.) Felix Grindle stated to the attorney what his intention was and the attorney undertook to put it in proper form. In doing so he drew the contracts by which Robert E. Grindle and Willis E. Grindle were to have possession and to each pay $150 a year and the taxes, which was in the nature of rent. They could not assert title to the property for the years for which they were making payments nor convey such property as they could if they had title.

There was considerable testimony as to the mental condition of Felix Grindle and different opinions were expressed by the different witnesses, but we cannot say that the finding of the decree on that subject or as to undue influence or duress was contrary to the preponderance of the evidence.

It was the intention of Felix Grindle to convey the lands in question to his sons Robert E. Grindle and Willis E. Grindle without consideration, as gifts or voluntary settlements, and to invest them with title upon the death of both himself and his wife, Mary Grindle. It is not claimed that the deeds were void as a testamentary disposition of the property, and they were to be delivered and the title was to pass, not necessarily at his death, but when he and his wife should both be dead. The legal title was in Felix Grindle at the time of his death, and his widow is entitled to the annual payments from the grantees in the deeds.

The decree is reversed and the cause is remanded.

*Reversed and remanded.*