## In re Estate of George W. Jolly, Deceased. Carrie M. Dubach, Executrix, Appellant, v. Edward E. Jolly et al., Appellees.

### Gen. No. 28,169.

1. JUDGMENTS—*when judgment of circuit court on trial de novo of appeal from probate court unsupported by evidence.* A judgment of the circuit court rendered on appeal from the probate court after trial *de novo*, affirming the action of the lower court directing the executrix of an estate to inventory a specified sum as part of the estate, is not sustained by any evidence where all the evidence offered in support of the petition to require such action by the executrix was stricken out by the circuit court on the ground of the incompetency of the witnesses.

2. WITNESSES—*heir not disqualified as witness against executor in proceeding by heir for benefit of estate.* An heir of the decedent is not disqualified as a witness in a proceeding instituted by him to require the executrix of the estate of such decedent to inventory a specified sum as part of the estate, by the provisions of Cahill's Ill. St. ch. 51, ¶ 2, disqualifying an heir as a witness in his own behalf against the executor except where first called by the adverse party, where the executrix claims the property, not in her representative capacity but as donee under a gift from the wife of decedent.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded. Opinion filed May 28, 1923. Rehearing denied June 11, 1923.

SOELKE & JOHNSON, for appellant.

FOSTER, PAINE, MENELEY & BRYANT, for appellees; LYMAN M. PAINE, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by Carrie M. Dubach, who is the executrix of the last will and testament of George W. Jolly, deceased, from a judgment of the circuit court of Cook county rendered on an appeal from the pro-

bate court, by which she was directed to proceed forthwith to inventory as a part of the estate the sum of $1,400. The finding and judgment of the court were entered upon the petition of Edward E. Jolly, who is an heir at law of George W. Jolly, deceased, and a legatee under his last will and testament. The petitioner also recovered his costs against Carrie M. Dubach.

The matter was heard in the circuit court by the judge without a jury, and the record shows that after a preliminary discussion by the counsel for the respective parties, the petitioner called the said Edward E. Jolly, heir at law and beneficiary under the will, as a witness in his own behalf. His testimony was objected to by the respondent on the ground that he was an incompetent witness for the reason that he was an heir of the deceased and that his testimony was for his personal benefit. Authorities were submitted to the court and at the conclusion of his evidence the court stated that the petitioner was not a competent witness and that his evidence would be stricken according to the motion of the respondent as made.

The will was then offered in evidence, and Edward J. Dubach, husband of the respondent, testified without objection that he wrote the will.

A certified copy of an instrument which purported to be a deed from Michael McGraw to George B. Jolly and Lydia Jolly was identified by the petitioner, who had been recalled as a witness in his own behalf, but upon objection by the respondent the same was excluded by the court on the ground that petitioner was not competent to testify to anything in the case.

Arleigh Jolly was then called as a witness on behalf of the petitioner, but, it- appearing from her preliminary examination that she was the wife of the petitioner, the respondent objected to her evidence on the ground that she was incompetent under the statute and the objection was sustained by the court. The attorney for the petitioner made an offer to prove by

her certain facts, but an objection was made on the ground of her incompetency, which the court sustained.

The petitioner rested and respondent moved for a finding in her behalf and a dismissal of the petition.

The record shows that the attorney for the petitioner, in response to the court's question, "Is that all?" replied, "That is all, yes, sir," and thereafter rested his case. Whereupon the respondent also rested. Thereupon the court, after arguments of counsel, stated, "I see nothing that I can do except to affirm the action of the probate court in the case, without going into detail at all. You can draw an order to that effect." Thereafter a written order was prepared and judgment entered.

As the trial in the circuit court upon appeal from the probate court was a trial *de novo* (Cahill's Ill. St. ch. 37, ¶ 11), and as all the evidence offered in support of the petition had been stricken out by the court, it is apparent that there was no evidence to sustain the judgment, and that it must be reversed for that reason.

The appellee has assigned cross errors to the effect that the court improperly held that Edward E. Jolly was not a competent witness and erred in striking out his entire evidence because of his supposed incompetency. It is also assigned, but not argued, that the court erred in holding that Arleigh Jolly was not a competent witness. The question raised by the assignment as to the competency of Edward E. Jolly involves the construction of section 2, ch. 51 of the Illinois Statutes [Cahill's Ill. St. ch. 51, ¶ 2], which provides as follows:

"No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as the trustee or conservator of any idiot, habitual drunkard, lunatic or distracted person, or as the executor, administrator, heir, legatee or devisee of any deceased person, or as

Dubach v. Jolly, 229 Ill. App. 508.

guardian or trustee of any such heir, legatee or devisee, unless when called as a witness by such adverse party so suing or defending.''

We think the court erred in holding that Edward E. Jolly was an incompetent witness by reason of this section of the statute. The purpose of the statute is to protect the estates of deceased persons by preventing the receiving of testimony tending to show a liability on the part of the estate which the deceased person, if he were living, might be able to disprove. Mrs. Dubach is not sued as the executrix of the estate. The demand that she inventory certain property belonging to the estate is for the benefit of the estate and not to its detriment, and the statement of her counsel made in open court shows that she does not claim the property in controversy as executrix or heir of the deceased, or as legatee under his will, but by virtue of an alleged gift made to her by the wife of the deceased in her lifetime. This section of the· statute has, we therefore think, no application, as respondent in defending does not act in a representative capacity. Such is the holding in the decisions as we understand them. *Goelz v. Goelz,* 157 Ill. 33; *Gage v. Eddy,* 179 Ill. 492; *Seaton v. Lee,* 221 Ill. 282; *Hudson v. Hudson,* 237 Ill. 9; *Grindle v. Grindle,* 240 Ill. 143; *Bailey v. Robison,* 244 Ill. 16.

For the reasons indicated the judgment will be reversed and the matter remanded to the circuit court.

*Reversed and remanded.*

McSURELY, P. J., and JOHNSTON, J., concur.