(No. 21783.—

SUSANNA MCCLUGAGE *et al.* Defendants in Error, *vs.*
MABLE ELLEN TAYLOR *et al.* Plaintiffs in Error.

*Opinion filed April 22, 1933—Rehearing denied June 15, 1933.*

DeYoung, J., dissenting.     ·

George W. Hunt, for plaintiffs in error.

Eagleton & Eagleton, and Glen J. Cameron, for defendants in error.

Mr. Justice Duncan delivered the opinion of the court:

William Taylor died testate on April 11, 1923. His will was executed February 13, 1923, and was duly admitted to probate. By his will he devised to his wife, Martha Ellen Taylor, all city, village or town lots which he might own at his death, to hold the same as her property absolutely. He devised all the remainder of his real estate to his wife for her life, and at her death the same was to go to and be divided between his children, Susanna McClugage, Ella Cameron and Mable Ellen Taylor, and to his daughter-in-law Cora Taylor, and his son, Walter William Taylor, in equal parts. His wife, Martha, died testate on September 13, 1930. Her will was duly admitted to probate. By it she devised in fee to her husband all city, village or town lots which she might own at her death. She devised all the remainder of her real estate to her husband for his natural life, and at his death the same "to go to and to be equally divided between my * * * children, Susanna McClugage, Ella Cameron, Mable Ellen Taylor, and to my daughter-in-law Cora Taylor and Josie Marie Taylor, in equal parts."

The decedents, William Taylor and Martha Ellen Taylor, his wife, left surviving them as their only heirs three daughters, Susanna McClugage, Ella T. Cameron and Ma-

ble E. Taylor, and two sons, Walter W. and James Richard Taylor. Cora Taylor and Josie M. Taylor are the wives of the sons. On July 21, 1921, Taylor was the owner of the coal underlying a large tract of land in Peoria county which is referred to in the record as "tract 1," and his wife was the owner of the coal underlying other lands in said county, which lands are referred to in the record as "tract 2." On the date last mentioned they signed and acknowledged a warranty deed purporting to convey all the coal underlying tracts 1 and 2 to Cora Taylor, Mable E. Taylor and Walter W. Taylor in consideration of the sum of one dollar and love and affection. The deed on its face is a conveyance of the fee simple title to the coal under the tracts without reservation of any kind. The defendants in error, Susanna McClugage and Ella Cameron, daughters of the decedents, on December 31, 1930, filed a bill in the circuit court of Peoria county to set aside the deed to the coal underlying the lands described as tracts 1 and 2 and for partition of the coal under the tracts and an accounting for the rents and profits thereof. The grounds alleged in the bill for having the deed set aside and declared void and canceled were that the deed had never been delivered by the grantors, or either of them, to the grantees named therein or to any one of them. It was also prayed in the bill that if it should appear that partition cannot be had without prejudice, said premises be sold under the directions of the court, and that the proceeds of the sale might be divided among the parties according to their respective interests, and that the accounting prayed for be reserved in the decree for the future consideration of the circuit court.

The substance of the claims made by the defendants in error in their bill of complaint was, that inasmuch as the deed of the decedents was void for want of delivery, the title to the entire premises described in the deed passed to the residuary devisees of the decedents under the residuary clauses in the wills of the decedents. They made as

parties defendant to their bill, plaintiffs in error, Mable E. Taylor, Cora Taylor, Josie M. Taylor and Walter W. Taylor, and S. R. Stever, James Enright and James Thompson, lessees of parts of the lands described as tract 2, and Mable E. Taylor and James R. Taylor, executors of the will of Martha E. Taylor, deceased.

Mable E. Taylor, Cora Taylor, Josie M. Taylor, Walter W. Taylor, and Mable E. Taylor and James R. Taylor as executors of the will of Martha E. Taylor, deceased, filed their answer to the bill of complaint. By their answer they admit that William Taylor and Martha E. Taylor, his wife, both died testate, and that previous to their death they executed wills which were duly probated at the times mentioned in the bill of complaint, and that the residuary clauses in the wills provided substantially as alleged in the bill of complaint, but they deny that the title to any of the coal contained or situated under the surface of any of the lands described as tracts 1 and 2, or any interest therein, was passed by the provisions of the wills to Susanna McClugage, Ella Cameron, Mable E. Taylor, Walter W. Taylor, Cora Taylor and Josie M. Taylor, or to any one of them, as in the bill of complaint alleged. They deny that the devisees, or any of them, have any interest whatever in the coal underlying the surface of tracts 1 and 2 or any part thereof. They deny that the deed of the decedents is a cloud or forms a cloud upon the title to any interest of the complainants in the premises, and aver that they have no interest in the coal lands described in the bill that is subject to partition or sale. They aver that the deed of the decedents was delivered by the grantors before they died, and that by such delivery the title to the coal underlying the lands passed to the grantees therein named, and that the grantees became vested with the title in fee simple in the coal lands in equal parts as tenants in common, and that the title so passed to the coal lands in tract 1 on the death of the grantor William Taylor and in the coal lands in

tract 2 on the death of Martha E. Taylor. A similar answer was filed by the lessees, accompanied by the further averment that they were lessees of Martha E. Taylor in her lifetime and of her grantees after her death, and that they never leased any coal lands under tract 1, and that the coal rights they did lease as aforesaid were those owned by Martha E. Taylor in her lifetime in tract 2 and by her grantees in tract 2 after her death. Replications were filed to the answers. The cause was referred to a master in chancery, who took and reported the evidence and recommended a decree in accordance with the prayer of the bill. Objections and exceptions to the master's report were overruled and a decree was entered setting aside the deed, ordering partition of the real estate and reserving the matter of an accounting for further consideration of the court. The cause is brought to this court for review by writ of error.

The only question presented for review in this case is, as stated by the defendants in error, whether the deed executed by William Taylor and Martha E. Taylor, husband and wife, on July 28, 1921, was delivered by them as owners of the coal lands and makers of the deed, so as to pass title from them to the grantees named in the deed. The substance of the evidence bearing upon this question is as follows: In February, 1922, Anna Cameron, and her sister, Ella, daughters of William Cameron, were at the home of William and Martha E. Taylor. On or about the 25th day of that month Taylor handed Ella, in the presence of Anna, a large sealed envelope and asked her to keep it until it was called for. The two girls returned to the home of their father in Peoria. Ella wrote on the back of this envelope her name and put the envelope in the safe of her father in his home. The envelope remained in that safe, unopened, until it was on or about September 22, 1928, delivered, unopened, to Cora Taylor by either William or Anna Cameron. In this envelope was another sealed en-

velope, on the outside of which, in the handwriting of Taylor, was the following:

"*Miss Ella Cameron*—Inclosed find deed to be held by you in escrow. Deed made by myself and wife to be given to Mable Ellen Taylor or Mrs. Cora Taylor, which deed please hold in escrow and to be delivered by you upon the death of both myself and wife to the grantee named in said deed.

"Dated this 25th day of February, 1922.

WILLIAM TAYLOR,
MARTHA E. TAYLOR."

The deed in question was in the envelope on which the above was written. On November 22, 1928, Martha E. Taylor signed and delivered to Cora a writing as follows:

"*November 22, 1928.*

"Concerning a certain paper which my husband and I delivered to Ella Cameron and Anna Cameron to be held by them in escrow until the death of both of us.

"I hereby instruct the above mentioned Ella Cameron and Anna Cameron to deliver above mentioned escrow papers to Cora Taylor or Mable E. Taylor, the ones mentioned in the instructions on escrow.

MARTHA ELLEN TAYLOR.

[Seal.]

Witness: Esther Patton."

Ella Cameron died on February 26, 1929, before the bill in this case was filed, after an illness of several months. William and Anna Cameron, both of whom testified before the master, stated that they could not say for certain whether or not Ella was present when the envelope was delivered to Cora Taylor; that they had no knowledge of the contents of the envelope until after it had been delivered to her, and that the order signed by Martha E. Taylor for the delivery of the deed to Cora or Mable E. Taylor, above set out, was not presented to either of them before or at the time the envelope was delivered to Cora. William Cameron stated that he saw the envelope in his safe many times; that he did not know what was in it, but understood that it contained papers of Taylor, to be held until they were called for. Anna Cameron testified that when Taylor handed the

envelope to her sister, Ella, he said it was to be held until called for. She further testified: "There might have been other instructions given to my sister, but I didn't hear it. My sister never talked to me about the paper." It should be further stated that the instructions written on the inside envelope containing the deed, concerning the delivery of the deed, were not only signed by Taylor but were also signed by his wife, Martha, and the evidence in the record clearly shows that her signature signed to the instructions given to Ella Cameron was her genuine signature.

It is stipulated in the record between the parties hereto that defendants' exhibit 1, the envelope containing the deed, was in another envelope, with the inscription of Ella and Anna Cameron on the outside; that the exhibit contained the deed in question; that the envelope on which was written, "Ella Cameron and Anna Cameron," was sealed when delivered to Anna and Ella, and remained sealed until the same was delivered to Cora Taylor upon the written order of Martha E. Taylor on November 22, 1928; that the sealed envelope on the outside is lost and cannot be produced by the defendants or the complainants; that the outside envelope was sealed at the time of its delivery to Cora and contained no other writing than the names of Ella and Anna Cameron. The parties are bound by the stipulations, but we hold the stipulations do not require any other decision in this case than the one that we shall make, although they differ from the facts proved in the record which we have above recited.

James Taylor, a brother of William Taylor, testified that in March, 1922, William told him that he had made a deed of his coal lands and that it was in escrow; that he stated the name of the person who held the deed, and it was either William Cameron or his daughter, but witness did not remember which of them. It is shown by the evidence that Martha E. Taylor, as executrix of the will of William Taylor, filed an inventory and a supplementary inventory,

in which the coal underlying the greater part, if not all, of tract 1 was listed as property belonging to Taylor at the time of his death.

Delivery of a deed is essential and indispensable to render it operative as a conveyance. The intention of the grantor is the primary and controlling factor in determining whether there has been a delivery. Anything which clearly manifests the grantor's intention that the deed becomes operative, that he loses control thereof and that the grantee is to become the owner of the estate thereby purported to be conveyed, is sufficient to show delivery. (*Huber* v. *Williams,* 338 Ill. 313; *Nofftz* v. *Nofftz,* 290 id. 36; *Thurston* v. *Tubbs,* 257 id. 465.) Where a grantor makes a deed and delivers it as an escrow to a third person, to be delivered to the grantee upon the happening of some future event, such as the death of the grantor, and the grantor surrenders all control and dominion over the deed, such act constitutes a complete and valid delivery by the grantor. (*Hudson* v. *Hudson,* 287 Ill. 286; *Munro* v. *Bowles,* 187 id. 346.) A deed so delivered does not operate to convey title to the grantee until the happening of the event upon which the grantee is to become entitled to the possession of the deed. (*Huber* v. *Williams, supra; Grindle* v. *Grindle,* 240 Ill. 143; *Stone* v. *Duvall,* 77 id. 475.) Proof that a deed was not in the possession of the grantee at the grantor's death but was then in the possession of a third person makes a *prima facie* case that the deed was not delivered. If there was, in fact, a delivery of the deed to the third person as an escrow, it is incumbent on the grantee to show the terms of the condition on which the deed was to be delivered by the third person to the grantee and that the condition has been complied with. *Scott* v. *Cornell,* 295 Ill. 508; *Selby* v. *Smith,* 301 id. 554.

The deed in this case was delivered by the grantors to Ella Cameron, and when it was so delivered to her it was in an envelope on which were written specific instructions

to her in the handwriting of one of the grantors, William Taylor, and that it was to be by her held in escrow and at the death of the survivor of the grantors by her delivered to the grantees named in the deed. We hold that these written instructions clearly indicate that it was the intention of the grantors in delivering the deed to Ella Cameron to part with all control and dominion over it and to have it operate to convey to the grantees a fee simple title upon the death of both grantors. It is true that Anna Cameron testified that the only instruction which she heard Taylor give to Ella was to hold the envelope until it was called for, but she stated that other instructions that she did not hear might have been given to her sister. Under such a state of proof it is largely a matter of speculation as to whether Ella was notified of the intention of the grantors that she should hold the deed in escrow, to be delivered after the death of both grantors. As we have stated, the intention of the grantors was manifested by the writing on the envelope. The deed was one of voluntary settlement, and the law makes stronger presumptions in favor of its delivery than would obtain in case of an ordinary deed of bargain and sale. (*Walters* v. *Lawler*, 297 Ill. 63; *Shults* v. *Shults*, 159 id. 654; *Miller* v. *Meers*, 155 id. 284.) Acceptance of a deed of voluntary settlement where its terms are beneficial to the grantees is presumed. (*Baker* v. *Hall*, 214 Ill. 364.) The evidence was sufficient to overcome the *prima facie* case against delivery made by the showing that the deed was not in the possession of the grantees at the death of Taylor.

The fact that a deed of voluntary settlement reserves a life estate in the grantors raises a strong presumption that it was intended the title should immediately vest in the remaindermen, otherwise there would be no necessity for the reservation. (*Riegel* v. *Riegel*, 243 Ill. 626; *Baker* v. *Hall*, *supra*.) The delivery of a deed to the first taker is a sufficient delivery to those named in the deed who are to

take upon the happening of some future event. (*Chapin* v. *Nott,* 203 Ill. 341.) The delivery of a deed to a stranger, if ratified by the grantee, is good. (*Morrison* v. *Kelly,* 22 Ill. 609.) Where, upon the dissolution of a partnership, one partner assumes the payment of a firm note and executes a mortgage to the payee of the note to secure its payment and as indemnity to the other partner against his liability thereon, a delivery of the mortgage to such other partner is sufficient delivery to the mortgagee. (*Conwell* v. *McCowan,* 81 Ill. 285.) Where a deed is delivered to one of several grantees it will operate as a delivery to all. (18 Corpus Juris, 212.) A delivery of a deed to one of several grantees for the benefit of all is equivalent to delivery to all. *Smith* v. *May,* 19 Del. 233, 50 Atl. 59; *Webb* v. *Webb,* 130 Iowa, 457, 104 N. W. 438; *Boswell* v. *Boswell,* 20 Ky. L. 118, 45 S. W. 454; *Wetherington* v. *Williams,* 134 N. C. 276, 46 S. E. 728.

There is no evidence which tends to show that it was not the grantors' intention when they delivered the deed to Ella Cameron to relinquish all control and dominion over it. The defendants in error refer to the fact that the evidence of William and Anna Cameron shows that had William Taylor in his lifetime asked either one of them for the envelope in which the deed was contained the envelope would have been given to him. This evidence does not show that it was not the intention of the grantors to relinquish control of the deed and have it become operative when Taylor delivered it to Ella. (*Munro* v. *Bowles, supra.*) The deed was delivered as an escrow, and did not become operative, at least so far as the land owned by Taylor is concerned, to vest title in the grantees until the death of Martha E. Taylor. (*Grindle* v. *Grindle, supra.*) Therefore the fact that Martha E. Taylor, as executrix of the last will of William Taylor, listed the coal underlying tract 1 as property belonging to him at his death in making inventories of his estate, in nowise tends to show that the

deed was not delivered. As a matter of fact, the property was properly so listed. Title to that property did not become the property of the grantees in the deed until after the death of his widow. The fact that the deed was filed for record by Cora Taylor after it was delivered to her did not vest title in the grantees as of the date of the delivery of it to her. When the grantees opened the outside envelope they were made aware at once by the writing on the envelope containing the deed that the same was not to be delivered until the death of the widow, and it was their duty at once to return the deed to Ella Cameron. The fact that William Cameron stated that if Taylor had called on him and asked for the deed in those envelopes he would have delivered the package to him is of no significance whatever. It was no business concern of his whatever and he had no right to deliver the deed to Taylor or anybody else. It was not in his custody for the purpose of delivery and never had been. The fact that the widow directed, in writing, the delivery of the package containing the deed did not have any effect whatever to pass title to the property owned by Taylor in his lifetime and deeded to the grantees named in the deed. Neither one of the grantors in that deed had any right or power to recall that deed and prevent the title to the coal therein described from vesting in the grantees.

The decree of the circuit court is reversed and the cause remanded, with directions to dismiss the bill of the defendants in error for want of equity in so far as it seeks to have the deed set aside or to have partition made of the premises. *Reversed and remanded, with directions.*

Mr. Justice DeYoung, dissenting.