(No. 33544.— ▮▮▮▮▮▮)

CRISTOFOLA LOTTA *et al.,* Appellees, *vs.* RUSSELL P. LOTTA *et al.,* Appellants.

*Opinion filed September 23, 1955.*

CANNARIATO and NICOLOSI, of Rockford, (SAM J. CANNARIATO, of counsel,) for appellants.

HENRY H. CALDWELL, JOSEPH C. SALADINO, and THOMAS and DAVIS, all of Rockford, for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This is an appeal from a decree entered by the chancellor of the circuit court of Winnebago County, which established a resulting trust as to a certain parcel of land situated in Harlem Township, Stephenson County. The decree, in substance, declares that defendant-appellant Agata Lotta holds said real estate as trustee for the benefit of

plaintiffs-appellees, two of her sons. Jurisdiction of this court is based upon the fact that a freehold interest is directly involved.

It appears that the plaintiffs are sons of defendant Agata Lotta and her deceased husband, Vito Lotta. The other defendants are the brothers and a sister of plaintiffs, with the exception of Allen Lotta, a minor, who is the nephew of plaintiffs. The original complaint alleges that plaintiffs were the beneficial owners of three certain parcels of real estate purchased with their money but held in the name of their mother, at direction of plaintiffs, for their benefit. The original complaint also alleged that all of said real estate was subject to a life interest therein of the mother. The third parcel of real estate was omitted and abandoned in the amended complaint of plaintiffs, and the chancellor denied relief as to the second parcel by reason of *laches* of the plaintiffs. No appeal has been taken to this court concerning the second parcel.

The plaintiffs' evidence, offered to substantiate the allegations of their amended complaint, consisted of the testimony of the plaintiffs, Cristofolo Lotta and Erasmus Lotta. This testimony was objected to by defendants who also moved the court to strike all the evidence of the plaintiffs on the ground that it was in violation of section 2 of the Evidence Act. (Ill. Rev. Stat. 1953, chap. 51, par. 2.) The objections of defendants were overruled and motion denied and the testimony was permitted to stand.

The chief contention of defendants here is based upon the lower court's ruling in allowing plaintiffs' testimony over their objection that it violated section 2 of the Evidence Act. Other points urged concern the sufficiency of the evidence to sustain the decree; the theory of a gift of the real estate from plaintiffs to defendant Agata Lotta; *laches* of plaintiffs before seeking equitable relief and the erroneous admission of other evidence by the court.

Section 2 of the Evidence Act provides:

"No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as the trustee or conservator of any habitual drunkard, or person who is mentally ill or mentally deficient, or as the executor, administrator, heir, legatee or devisee of any deceased person, or as guardian or trustee of any such heir, legatee or devisee, unless when called as a witness by such adverse party so suing or defending, and also except in the following cases, namely:

"First—In any such action, suit or proceeding, a party or interested person may testify to facts occurring after the death of such deceased person, or after the ward, heir, legatee or devisee shall have attained his or her majority.

"Second—When, in such action, suit or proceeding, any agent of any deceased person shall, in behalf of any person or persons suing or being sued, in either of the capacities above named, testify to any conversation or transaction between such agent and the opposite party or party in interest, such opposite party or party in interest may testify concerning the same conversation or transaction.

"Third—Where, in any such action, suit or proceeding, any such party suing or defending, as aforesaid, or any persons having a direct interest in the event of such action, suit or proceeding, shall testify in behalf of such party so suing or defending, to any conversation or transaction with the opposite party or party in interest, then such opposite party or party in interest shall also be permitted to testify as to the same conversation or transaction.

"Fourth—Where, in any such action, suit or proceeding, any witness, not a party to the record, or not a party in interest, or not an agent of such deceased person, shall,

in behalf of any party to such action, suit or proceeding, testify to any conversation or admission by any adverse party or party in interest, occurring before the death and in the absence of such deceased person, such adverse party or party in interest may also testify as to the same admission or conversation.

"Fifth—When, in any such action, suit or proceeding, the deposition of such deceased person shall be read in evidence at the trial, any adverse party or party in interest may testify as to all matters and things testified to in such deposition by such deceased person, and not excluded for irrelevancy or incompetency."

It is the contention of plaintiffs that this statute does not apply; that the decree is amply supported by competent evidence, that no gift of either money or real estate was made by plaintiffs to their mother and that plainiffs' action was not barred by *laches*.

It appears from the record that plaintiffs began working at an early age and bringing earnings to the home, where the money was kept in a trunk that the mother had brought with her from Italy. Plaintiffs had been engaged in various types of employment and for several years brought all of their income to their mother. About 1928 or 1929 the father, Vito, became ill, and at the request of plaintiffs ceased his employment and stayed home. From time to time money was taken from the trunk and used by the mother for family purposes and some of the money was given to plaintiffs for use by them in various business enterprises. No written accounting of the money was kept. During the years in question the plaintiffs were the only members of the family gainfully employed. The mother kept no savings or checking accounts and had no independent source of income. The real estate in question was purchased with funds taken from the trunk and title was taken in the name of the mother. The owners of the real estate executed a deed conveying title to the mother, Agata

Lotta, and this deed was recorded in the recorder's office of Stephenson County, January 17, 1933. Thereafter, a dance hall was built on this property with funds coming from the same trunk.

Plaintiffs testified that not until four or five days after the death of their father on October 5, 1953, did they become aware of the fact that their mother had conveyed this dance hall property to one Jessie Poor on July 10, 1950, who in turn on the same day conveyed the premises to Vito Lotta, the father who is now deceased. Both of these latter deeds were recorded promptly in the recorder's office of Stephenson County. Plaintiffs instituted their action seeking the declaration of a resulting trust as to the dance hall property on March 17, 1954.

During all of the time in question, both plaintiffs were unmarried and living with the family. The other children were in school and the mother remained at home tending to the home and the family. Plaintiffs, while living at home, paid no room or board. It appears that various members of the family other than plaintiffs assisted in the work done while operating the dance hall. The mother was unable to appear in court and give testimony by reason of a serious physical disability.

In view of the conclusion we have reached in this case we deem it necessary only to concern ourselves with the question of the competency of plaintiffs to testify in light of the provisions of section 2 of the Evidence Act. Plaintiffs contend that the act was never intended to apply to actions such as this one for the reason that the mother, Agata Lotta, is defending as a grantee and not as executor, administrator, heir, legatee or devisee of a deceased person. They further contend that nowhere in their pleadings do they charge that either of the defendants received title as the heirs, legatees, or devisees of Vito Lotta, the deceased husband of Agata. Plaintiffs also state that their testimony related only to transactions with their mother, Agata, who,

in the answer of all defendants, is admitted to have received the title to the land as the grantee of a deed wherein Lena Zimmerman and others were grantors. They admit, however, making all other defendants parties to the action because it was necessary to join them as persons who had or might have an interest in the land in question. Plaintiffs further admit that it is alleged that defendants are named as legatees or devisees under the will of Vito Lotta. Plaintiffs also contend that neither of the plaintiffs can be understood to have sued here as legatee, heir or devisee of Vito Lotta since they claim to be the sole beneficiaries of a resulting trust. Plaintiffs further contend that a reviewing court will assume that the chancellor who heard the evidence rejected all incompetent evidence and considered only the competent evidence in the record.

We have carefully examined the record in this case and all of the cases cited by plaintiffs to sustain their contention concerning section 2 of the Evidence Act. We are of the opinion that the contention of plaintiffs is without merit. We have examined the cases of *Gilbert* v. *Cohn,* 374 Ill. 452, *Campbell* v. *Campbell,* 368 Ill. 202, and *Seaton* v. *Lee,* 221 Ill. 282, cited by plaintiffs as authority for the conclusion that the said section 2 is not applicable to the present case. We deem it sufficient to say that none of these cases sustains this contention. When Agata Lotta and her husband conveyed the real estate in 1950 to a straw party who in turn conveyed to the father of plaintiffs, the record title was then in the father. If the father had died leaving no last will and testament the property would have descended by the laws of intestacy of this State. No one could contend that the heirs-at-law of the decedent would not have a real and substantial interest involved, particularly in the event of any action which would seek to destroy their interest or title. The fact that the decedent died testate does not alter the basic situation. The defendants each received a substantial interest, as devisees of the

will, in the real estate owned by the father at the time of his death. They are clearly defending this action as heirs, executors, legatees and devisees of the decedent. It appears that timely objection was made to the introduction of the testimony of each of the plaintiffs, particularly noting the incompetency of such testimony by reason of the provisions of section 2 of the Evidence Act. Even if the defendant, Agata Lotta, was not defending this action as an heir or devisee under the will of her late husband (Agata receives a life interest under article 3 of said will) the testimony of plaintiffs would still be incompetent by reason of the joinder of said defendant with other defendants who were defending as heirs, executors, legatees and devisees under said will.

Plaintiffs' position is based upon a false premise to the effect that all transactions occurring after the mother, Agata Lotta, took title to the real estate are of no import. The effect of plaintiffs' testimony is adverse to the record interests of the defendants. The principal issue involved is whether the property belongs to the estate of the decedent, Vito Lotta, or to the plaintiffs as beneficiaries of an alleged resulting trust. The consequence of the testimony of plaintiffs purportedly establishing a resulting trust unquestionably diminishes the estate of the deceased. In *Linn* v. *Linn*, 261 Ill. 606 at 615, upholding a ruling of the lower court declaring joint plaintiffs incompetent to testify to anything that occurred prior to the death, this court stated: "It is clear that under section 2 of the act on evidence appellants were not competent, upon their own motion, to testify in their own behalf as to anything occurring prior to the death of James H. Linn. They were both called to testify to the same transactions and statements of James H. Linn, which their counsel claim amounted to a 'symbolical delivery' of the deeds at that time. If the occurrence they testified to was of any importance, neither could testify for the other without also testifying for himself or herself. It

would be a violation of both the letter and the spirit of the statute to hold that notwithstanding their incompetency as witnesses in their own behalf each was competent to testify for the other. The master and the chancellor were clearly right in holding they were not competent to testify to anything that occurred before the death of James H. Linn. *Sullivan, v. Corn Products Refining Co.* 245 Ill. 9; *Lowman* v. *Aubery,* 72 id. 619; *Bardell* v. *Brady,* 172 id. 420."

In a similar situation in *Kelsey* v. *Snyder,* 118 Ill. 544 at 549, this court held such evidence to be incompetent under section 2 of the Evidence Act.

In *Boyd* v. *Boyd,* 163 Ill. 611 at 614, we held that a surviving widow in a partition suit was not a competent witness to establish a trust alleged in her crossbill, for being the complainant therein and the others defending as heirs of their deceased father, she was manifestly not competent to testify under section 2 of the Evidence Act. In *Gradler* v. *Johnson,* 372 Ill. 137, we held proffered testimony of a defendant (to the effect that there was an oral agreement between herself and her husband as to a partnership for the conduct of a rooming house) was contrary to section 2 of the Evidence Act, which excludes testimony of parties to civil actions directly interested in the effect thereof when any adverse party sues or defends as an heir. Olga Gradler was suing as an heir and the witness, Renee Johnson, was defending as widow and heir. The widow was incompetent to prove by her own testimony the existence of a contract between herself and husband with respect to the operation of the rooming apartment.

The cross-examination of plaintiffs cannot be construed as a waiver of the objection. See *Teter* v. *Spooner,* 279 Ill. 39 at 46.

Plaintiffs' case was built solely on their own incompetent testimony and therefore must fail for lack of proof. The lower court erred in admitting their testimony and in

failing to dismiss the action at the conclusion of their case in chief. For the foregoing reasons the decree of the circuit court of Winnebago County is reversed and the cause is remanded with directions to dismiss plaintiffs' action.

*Reversed and remanded, with directions.*

Mr. JUSTICE DAVIS took no part in the consideration or decision of this case.