## Com. ex. rel. Attorney General, Appellant, *v.* Northeastern Elevated Railway Co.

*Railroads—Elevated railroads—Street railways—Act of April 4, 1868.*

A railroad company incorporated under the act of April 4, 1868, P. L. 62, has no authority to construct a street passenger railroad either upon the surface, or upon the tracks elevated over the surface of the street.

There are no provisions in the acts relating to the organization of street passenger railways which authorize the construction of elevated passenger railroads in the streets.

*Elevated railroads—Act of May 31, 1887.*

The act of May 31, 1887, P. L. 275, does not authorize the construction of a street passenger railroad in a street.

*Quo warranto—Railroads—Act of April 4, 1868.*

Where a railroad company, organized under the act of April 4, 1868, P. L. 62, has attempted to construct an elevated street passenger railroad in the streets of a city, its franchises may be forfeited by quo warranto proceedings.

Argued April 3, 1894.   Appeal, No. 4, May T., 1894, by plaintiff, from judgment of C. P. Dauphin Co., Sept. T., 1893, No. 84, on demurrer to answer to writ of quo warranto.   Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Suggestion for writ of quo warranto.

The suggestion averred that the Northeastern Elevated Railway Company was incorporated on April 23, 1891, under the act of April 4, 1868; that said company illegally and contrary to the laws of the commonwealth had commenced the erection of an elevated railway for the conveyance of passengers on certain streets in the city of Philadelphia; and that said elevated railway was an illegal encroachment upon the public highways.

Defendant filed an answer setting forth that the company had received the consent of the city of Philadelphia for the construction of its railroad ; and that the company had the right to construct the railroad.   The commonwealth demurred to the answer.   The court entered judgment on the demurrer in favor of the defendant, in an opinion by MCPHERSON, J., 3 Dist. R. 104.

*Error assigned* was above order.

*Thomas Diehl* and *John G. Johnson, John A. Scanlan* and *W. U. Hensel,* attorney general, with them, for appellant.

*Silas W. Pettit* and *F. Carroll Brewster, John R. Read, Charles B. McMichael, George W. Wickersham, William S. Stenger, Mayer Sulzberger,* and *Strong & Cadwalader, Edward Lauterback* and *James Carter* of New York, with them, for appellee.

OPINION BY MR. JUSTICE WILLIAMS, May 7, 1894 :

The facts alleged in the bill in this case are admitted by the demurrer. They raise two questions, as stated by the learned judge of the court below. First, does the defendant intend to do the business of a street passenger railway company ? Second, if this intention exists, has the defendant the lawful right to carry it into execution, and enter upon the business of a street passenger railway company ? The first question was answered properly in the affirmative. The intention of the defendant to do the business of a street passenger railway company is charged in the bill and is admitted by the demurrer. The structure which has been begun on the streets of Philadelphia, its want of connection with any line of transportation, the contract with the city in regard to its use, all show an unmistakable purpose to do the business of a street passenger railway, and that alone. We come therefore at once upon the second question, has the defendant the lawful right, the corporate character and powers, necessary to build and operate a street passenger railway ? The learned judge of the common pleas answered this question also in the affirmative, and the judgment entered against the commonwealth on the demurrer was the logical result of these answers. But we cannot concur in the answer to the second question. The defendant company was incorporated under our general railroad law of 1868, and became necessarily a steam railroad for the carriage of passengers and freight in the manner provided by the general railroad laws. The distinction between such a railroad and a street passenger railroad was in the mind of the legislature when the bill was passed ; and out of abundant caution the twelfth section of the act of 1868 declares in express words that the provisions of that act shall not be construed in such manner as to make

them applicable to street passenger railroads, or to authorize the incorporation of street passenger railroad companies. Independently of the twelfth section, it is clear that an organization under the general railroad laws does not authorize the company so incorporated to do the business of a street passenger railroad company; but if that question could be thought to be debatable, then the twelfth section precludes debate by a declaration that is plain and absolutely controlling.

The defendant can get no rights under our street passenger railroad laws, for it is not incorporated under them. Even if it had been incorporated as a street passenger railroad it could not have acquired thereby the right to build an elevated street railroad, for there are no provisions in our street railroad laws that authorize such a structure, or that contemplate any other than surface lines.

The defendant can get no relief from the act of 1887, for that act is part of our general railroad laws, and like the act of 1868 it confers no privileges on street passenger railroads. We have considered the effect of the act of 1887 in an opinion just filed in Potts v. The Quaker City Elevated Railroad Company [the preceding case], and it is unnecessary to repeat what is there said.

Our answer to the second question is therefore that the defendant has no lawful authority to build and operate a street passenger railroad either upon the surface or upon an elevated roadway. Incorporated under the act of 1868, it is distinctly forbidden by the twelfth section of that act to assume or exercise the powers and franchises of a street passenger railroad company. Notwithstanding this prohibition it is claiming to have the right which the law withholds from it, and undertaking to do what it is plainly forbidden to do. The writ of quo warranto is the proper writ to raise this question, and the commonwealth is entitled to judgment on the demurrer.

The judgment appealed from is reversed and judgment is now entered in favor of the commonwealth. It is adjudged that the defendant is not a street passenger railroad company; that it has no authority for entering upon the business of such a company, or for erecting or constructing an elevated track along or over any of the streets in the city of Philadelphia; and that its right to exercise corporate powers and privileges as "The Northeastern Elevated Railway Company" is at an end.