# Thirteenth & Fifteenth Streets Passenger Railway Company, Appellant, *v.* Broad Street Rapid Transit Street Railway Company.

*Equity—Jurisdiction—Quo warranto—Private relator.*

A bill in equity in the nature of a quo warranto cannot be maintained by a private individual to test a street railway company's right to use a public street in a city.

Argued April 1, 1907. Appeal, No. 368, Jan. T., 1904, by plaintiff, from decree of C. P. No 2, Phila. Co., March T., 1903, No. 4,519, dismissing bill in equity in case of Thirteenth & Fifteenth Streets Passenger Railway Company v. Broad Street Rapid Transit Street Railway Company and the Philadelphia Rapid Transit Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction. Before Sulzberger, P. J. See Commonwealth ex rel. v. Broad Street Rapid Transit Street Railway Company, next succeeding case.

*Error assigned* was decree dismissing the bill.

*N. DuBois Miller*, with him *H. LaBarre Jayne* and *J. Rodman Paul*, for appellant.

*Ellis Ames Ballard* and *John G. Johnson*, with them *E. O. Michener*, for appellee.

Per Curiam, June 25, 1907:

This is a bill in equity to enjoin the defendant company from proceeding under its charter to lay railway tracks on Broad street in the city of Philadelphia. The basis of the relief sought was the invalidity of the franchise purported to be granted. The learned judge below rightly held that this was in effect a quo warranto to challenge the validity of the charter itself and could not be sustained by a private relator. He therefore dismissed the bill. A quo warranto was then issued at the relation of the attorney general, and the other questions argued by the appellant in this case so far as they are relevant will be considered in disposing of that.

Decree affirmed.