# Andel, Appellant, *v.* Duquesne Street Railway Company.

*Street railways — Extensions and branches — Parties — Injunction—Equity.*

Individual citizens who have no right, legal or otherwise, to the use and occupation of the streets and highways covered by the branches or extensions of a street railway company, have no standing to ask a court of equity to enjoin the railway company from asserting its rights to such use and occupation.

Individual citizens have no standing in equity to question the validity of extensions and branches of a street railway company which were secured in the manner provided by statute. The only remedy is by a writ of quo warranto sued out by the state at the suggestion of the attorney general.

Individuals who have filed articles of association in the office of the secretary of the commonwealth for the purpose of procuring a charter, but to whom letters patent have not as yet been issued, have no standing to file a bill in equity under the Act of June 19, 1871, P. L. 1360, to question the right of a street railway company to maintain extensions and branches which were secured in the manner provided by statute.

Argued Nov. 12, 1907. Appeal, No. 186, Oct. T., 1907, by plaintiffs, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1907, No. 1,085, dismissing bill in equity in case of Coleman E. Andel et al. v. The Duquesne Street Railway Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction.   Before FRAZER, P. J.
The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the bill.

*Arthur O. Fording*, with him *Johns McCleave* and *Warner Marshall*, for appellants.

*Reed, Smith, Shaw & Beal*, for appellee, were not heard.

OPINION BY MR. JUSTICE ELKIN, January 6, 1908 :

The respondents demurred to the bill on two grounds, first, that the complainants have no right, individually or otherwise, to maintain the bill; and second, the court has no jurisdiction to grant the relief prayed for.   Either ground would be a sufficient answer to the contention of appellants, and both are good under the facts of this case.   The first, second and third prayers ask for an injunction, and the fourth for a decree annulling the extensions and vacating the record made by recording the certificate in accordance with the provisions of law in the office for recording deeds in the county of Allegheny.   It is an elementary principle that he who seeks equitable relief must establish a clear legal right to the enjoyment of that, the injury to which he seeks to enjoin.   This burden always rests on the complaining party.   Equity will not enjoin at the instance of one who has no legal right to the use, occupation or enjoyment of the property or thing about to be invaded.   A complainant must stand on the strength of his own rights rather than on the weakness of those claimed by a respondent.   These familiar principles of equity practice furnish a complete answer to the first three prayers of the bill in the present case.   The complainants have no right, legal or otherwise, to the use and occupation of the streets and highways covered by the branches or extensions of the respondent, and, therefore, have no standing to ask a court of equity to enjoin it from asserting its right to such use and occupation.   Indeed, it has been held that even where a street railway company has obtained a charter to construct its lines on certain streets, but failed to secure a municipal grant to use the same, it had no standing in equity

to enjoin another company having secured not only a franchise from the state but authority to use the streets from the municipality : Larimer & L. Street Railway Co. v. Larimer Street Railway Co., 137 Pa. 533.  The fourth prayer raises the question of the validity of the extensions and branches which were secured in the manner provided by statute, and it is perfectly clear complainants have no standing to ask a court of equity to make such a decree.  The validity of a charter, the forfeiture of charter rights, which includes branches and extensions, can only be inquired into or declared on a writ of quo warranto sued out by the state at the suggestion of the attorney general : Western Pennsylvania Railroad Company's Appeal, 104 Pa. 399 ; Windsor Glass Co. v. Carnegie Co., 204 Pa. 459 ; Thirteenth and Fifteenth Streets Passenger Railway Co. v. Broad Street Rapid Transit Street Railway Co., 219 Pa. 10.

Is there jurisdiction in equity to grant the relief prayed for in the bill.  The answer must be in the negative.  The averments of the bill are not sufficient to bring this proceeding within the purview of the act of 1871.  On June 1, 1906, the appellants filed in the office of the secretary of the commonwealth articles of association for the incorporation of the Kelly Street Railway Company and the Hay Street Railway Company.  Notice by publication as required by statute was given to the effect that the subscribers would apply to the governor on June 26, 1906, for a charter.  On June 20, 1906, the stockholders of the respondent company met pursuant to a call for that purpose, and under the provisions of law voted to extend its route by branches and extensions over part of the streets covered by the application of appellants.  The resolutions authorizing the extensions and branches were filed in the office of the secretary of the commonwealth on June 21, 1906 ; some weeks later they were presented to the governor for his approval, and on October 31, 1906, were approved by him.  At a later date the secretary of the commonwealth issued a certificate of approval which was recorded in the proper office of Allegheny county on November 13, 1906.  Prior to the approval of the extensions and branches the appellants, through counsel, appeared as protestants against their approval and were fully heard either by the governor acting in his official

capacity, or by those who represented him. There were thus presented to the governor for his consideration and approval the articles of association entered into by appellants asking for a charter and a record of the proceedings by which the respondent company extended its route by branches and extensions. The parties were claiming conflicting rights and franchises. The governor approved the branches and extensions as having the prior right to the use of the streets and refused to issue letters patent to the complainants. It is argued that appellants under the articles of association filed in the office of the secretary of the commonwealth had an inchoate right to construct and operate a street railway over its proposed route, and that this is such a right as should be protected by a court of equity. No authority is cited in support of this proposition and none can be. Such a doctrine has the novelty of being original in a court of equity. Inchoate rights, if such there can be under an application for a charter never obtained; franchises, never secured, or if secured, forfeited or abandoned; municipal grants, never made, or, if made, conditions precedent not performed, do not meet the burden resting on a complainant which requires that he first establish a clear legal right. When persons enter into articles of association for the formation of a company to operate a street railway their agreement is between themselves and the commonwealth is not a party to it. There is no privity of contract between the state and the proposed incorporators until letters patent are issued. The filing of the articles of association in the office of the secretary of the commonwealth is a preliminary step in securing a charter, but the powers, privileges and franchises sought to be obtained are not conferred until letters patent are secured. In the present case it should be observed that all parties acted within their legal rights. The respondent company only did what the law authorized it to do. If in securing the extensions and branches, the requirements of the statute put it in a position whereby these franchises could be secured at an earlier date than those which the complainants sought to obtain, the fault, if such it be, is in the law, and not in those who administer it. The complainants are not a corporation and do not enjoy any corporate franchises. How, then, can it be said that they are entitled to

equitable relief under the act of 1871 ? The private rights of individuals referred to in this act are rights of property of some character. The complainants do not allege that any property right vested in them, individually or collectively, has been, or is about to be, invaded. They do not possess any rights or franchises as a corporation and as such cannot be said to suffer any injury within the meaning of the law. It is clear, therefore, that they are not entitled to the relief provided in this act. The learned court below in a well-considered opinion has carefully discussed and decided the case upon its merits, and we fully concur in his conclusion.

Decree affirmed at cost of appellants.