JOHN DOE, upon the demise of CHARLES E. LITTLETON, *vs.* RICHARD ROE, casual ejector, and JOSIAH C. JOHNSON, tenant in possession.

1. DEEDS—DELIVERY—RECORD.

A deed takes effect from its delivery, and not from its record; the delivery being essential to complete the conveyance, while the recording of the deed is only essential to maintain its priority in force against subsequent conveyances and incumbrances.

2. DEEDS—DELIVERY—POSSESSION.

Mere possession of a deed by the grantee is not conclusive of its delivery, as the grantee may have received it without the act or intention of delivery on the part of the grantor.

**3. EJECTMENT—RIGHT OF ACTION—STRENGTH OF TITLE.**
   Plaintiff in ejectment must recover, if at all, on the strength of his own title, without regard to the strength or weakness of the title of defendant.

(<i>April</i> 20, 1911.)

Judges BOYCE and WOOLLEY sitting.
*Robert C. White* and *James M. Tunnell* for plaintiff.
*Andrew J. Lynch* and *John M. Richardson* for defendant.
Superior Court, Sussex County, April Term, 1911.

ACTION OF EJECTMENT (No. 21, February Term, 1911). The question of fact involved fully appears in the charge of the court, it being whether the deed of the defendant to the plaintiff, conveying the premises in question, was delivered to the plaintiff to take effect immediately, or was delivered to another to be held until the plaintiff had performed a certain condition, required by the defendant.

WOOLLEY, J., charging the jury:
Gentlemen of the jury:—This is an action of ejectment brought by Charles E. Littleton, the plaintiff, against Josiah C. Johnson, the defendant, to recover a tract of land in Broad Creek Hundred, in this county, which is now in the possession of the defendant.

In this case there is no controversy about party lines, the dispute being with reference to the whole of a tract of land. The main contention of the plaintiff is that he purchased from the defendant the tract of land in question, and completed the purchase by receiving from the defendant the deed conveying the land to him, the delivery of which was absolute, and complete in its nature. The defendant, on the other hand, contends that he made a contract to sell the land to the plaintiff but that the deed was not delivered to take effect immediately, but, on the contrary, it was given to the conveyancer, to be by him held for a period of ten days, during which time the plaintiff was to perform a certain condition, by making payment of a certain sum of money. The issue in this case, therefore, is one of delivery, that is, whether

the delivery of the deed, purporting to convey to the plaintiff the title to the premises, was absolute or conditional.

[1] The delivery of a deed is essential to its validity. The recording of a deed is not essential to its validity as between the parties, and is important chiefly to maintain its priority and force against subsequent conveyances and encumbrances. A deed takes effect from its delivery and not from its record, and without a delivery it is void from the beginning.

[2] The mere possession of a deed by the grantee is not conclusive of its delivery, for he may have received it without the act or intention of delivery on the part of the grantor. Delivery is an act either by the grantor or by another under his direction or with his permission, accompanied with the intention of the grantor that the instrument pass from himself or from his control to the grantee. *Doe ex dem. Guest v. Beeson*, 2 *Houst.* 264.

From the subsequent admissions and conduct of the grantor with reference to the property intended to be conveyed, as well as from the instrument of conveyance, the grantor's intention of delivery may be gathered and inferred.

[3] A plaintiff in an action of ejectment must recover, if at all, on the strength of his own title, without regard to the strength or weakness of the title of the defendant. Therefore it is the title of plaintiff that is in issue in this case. His title depends upon the validity of the deed under which he makes his claim. The validity of that deed depends upon its delivery, the legal effect of which, so far as to enable the plaintiff to recover, depends upon its absolute or conditional character. If you find that the deed was delivered by Johnson to Littleton absolutely and in completion of their transaction, your verdict should be that, "We find that the defendant is guilty of the trespass and ejectment in the plaintiff's declaration mentioned." If you find that the deed was not delivered at all, or, if delivered, it was delivered upon a condition that it be held by another and withheld from Littleton until a certain condition was by him performed or a certain thing done, then your verdict should be, "We find that the defendant is not guilty," etc. The jury disagreed.