JOHN DOE, on the demise of MARY HITCHENS, *vs*. RICHARD ROE, Casual Ejector, and MARY C. ELLINGSWORTH, tenant in possession.

1. EJECTMENT—PROOF OF TITLE—DEGREE OF PROOF REQUIRED.

A plaintiff suing in ejectment must prove that he has the legal title by a preponderance or a greater weight of the evidence, but need not prove his title beyond a reasonable doubt.

2. DEEDS—REQUISITES—EXECUTION—DELIVERY.

The legal execution and delivery of a deed are essential to its validity, and without a delivery a deed is void from the beginning.

3. DEEDS—REQUISITES—RECORDING.

The recording of a deed is not essential to its validity as between the parties, but is chiefly important to maintain its priority and force against subsequent conveyances and encumbrances.

4. DEEDS—EFFECTIVE FROM DELIVERY.

A deed takes effect from its delivery, and not from its recording.

5. DEEDS—DELIVERY—INTENTION.

The question of delivery of a deed is purely one of intention to be determined from all the circumstances of the case.

6. DEEDS—DELIVERY—EVIDENCE.

The possession or control of a deed by the grantee is *prima facie* proof of the delivery thereof, but this may be rebutted by satisfactory evidence to the contrary.

7. LOST INSTRUMENTS—EVIDENCE OF EXECUTION AND CONTENTS—PAROL EVIDENCE.

Parol evidence is admissible to show the execution and contents of a lost deed, but such evidence to establish the contents must be clear and certain.

8. LOST INSTRUMENTS—EVIDENCE OF EXECUTION AND CONTENTS—PAROL EVIDENCE.

When it is sought to show the execution and contents of a lost deed by parol evidence, it must be shown by a preponderance of the evidence that the deed was properly executed with the formalities required by law, and the contents of the deed must be substantially, though not literally shown.

*(April 16, 1915.)*

Judges RICE and HEISEL sitting.

*Robert C. White* and *James M. Tunnell* for plaintiff.

*Robert G. Houston* for defendant.

Superior Court, Sussex County, April Term, 1915.

Ejectment by John Doe on the demise of Mary Hitchens against Richard Roe, causal ejector, and Mary C. Ellingsworth, tenant in possession. Verdict for plaintiff.

ACTION OF EJECTMENT (No. 28, October Term, 1913) by Mary Hitchens, against Mary C. Ellingsworth, to recover a certain lot with a house erected thereon, situate in Georgetown, now in possession of the defendant. The plaintiff relied upon two alleged lost or destroyed deeds to establish legal title to the land.

When plaintiff had rested, counsel for defendant moved for a nonsuit on the ground that the proof of the execution and delivery of the two alleged lost deeds was insufficient. *Bartholomew v. Edwards,* 1 *Houst.* 247; *Boyer v. Norris,* 1 *Harr.* 22; *Knowles v. Knowles,* 2 *Houst.* 134; *Littleton v. Johnson,* 3 *Boyce,* 98, 81 *Atl.* 47. On the other hand, it was contended that the contents, execution and delivery of the deeds had been sufficiently proved. *Davis v. Spooner,* 20 *Mass.* (3 *Pick.*) 284.

Nonsuit was refused.

The facts appear in the charge of the court.

RICE, J., charging the jury:

Gentlemen of the jury:—This is an action of ejectment brought by Mary Hitchens, the plaintiff, against Mary C. Ellingsworth, the defendant, to recover possession of a lot of land with a house erected thereon, situate in Georgetown, Sussex County, the property now being in possession of the defendant.

The suit involves the title to the house and whole lot of land and there is no question of party lines for your determination.

The plaintiff and defendant claim title through the deed of John L. McKim and wife to Hiram Ellingsworth, dated March 29, · 1879, and not recorded until January 3, 1911.

The plaintiff claims that something over thirty years ago Hiram Ellingsworth and Mary, his wife, made, executed and delivered a deed conveying a fee simple title in the land to William D. Adams, and at the same time William D. Adams conveyed the property in fee simple to Mary Ellingsworth the then wife of Hiram Ellingsworth; that Mary Ellingsworth died intestate without lineal descendants leaving her husband (soon deceased) and several heirs at law to survive her; that the heirs at law of Mary Ellingsworth conveyed title in the land in question to the plaintiff by deed dated August 25, 1913, this deed being recorded in the office of the recorder of deeds of this county.

The plaintiff has introduced testimony to prove that the deeds from Hiram Ellingsworth and his then wife to William D. Adams, and from Adams to Mary Ellingsworth were not recorded and that the deeds in question were destroyed by Hiram Ellingsworth subsequent to the death of his wife Mary.

The plaintiff also introduced evidence to prove that the two lost deeds were executed and delivered and proof of the contents of these deeds.

The defendant contends that the two lost instruments were not executed and delivered and that they did not convey fee simple title to the land in question.

The defendant who was the wife of Hiram Ellingsworth at the time of his death claims title in herself by will of her late husband dated September 20, 1911.

[1] In order for the plaintiff to recover in this action, the jury should be satisfied from the preponderance or greater weight of the evidence that the plaintiff has the legal title. It is not necessary, however, that the legal title of the plaintiff be proved beyond a reasonable doubt; it is sufficient if it be proved by the preponderance of evidence.

[2-5] The legal execution and the delivery of a deed are essential to its validity. The recording of a deed is not essential to its validity as between the parties and is important chiefly to maintain its priority and force against subsequent conveyances and incumbrances. A deed takes effect from its delivery and not from its record, and without a delivery it is void from the beginning. The question of delivery is purely one of intention to be determined from all the circumstances of the case.

[6] The possession or control of a deed by the grantee is *prima facie* proof of the delivery of the deed by the grantor, but this may be rebutted by satisfactory evidence to the contrary.

[7, 8] Parol evidence is admissible to show the execution and contents of a lost deed, but such evidence to establish the contents should be clear and certain. It should show, by the preponderance of the evidence, that the deed was properly executed with the formalities required by law, and should show the contents of the deed not literally but substantially.

If you should believe from the preponderance of the evidence that the legal title to the property is in the plaintiff, your verdict should be that the defendant is guilty of the trespass and ejectment alleged, otherwise your verdict should be not guilty.

Verdict: We find the defendant guilty of the trespass in ejectment in the plaintiff's declaration mentioned.