CHARLES M. HOLLIS, Administrator cum testamento annexo of William S. Kinney, deceased,

*vs.*

MARY E. KINNEY.

*Sussex, March* 28, 1923.

The defendant in a judgment entered by confession on a forged warrant of attorney may obtain relief by application to the Superior Court to vacate it.

Equity, in the exercise of its general jurisdiction, can grant appropriate relief against forgery as well as against fraud in the strict sense.

The Superior Court, in entertaining applications to set aside judgment on warrant of attorney because of forgery, exercises its jurisdiction, not because of any statutory authorization, but because of its inherent power over its own records.

A remedy at law, which will oust the Court of Chancery of its heretofore conceded jurisdiction, must be such as will give full and complete relief, under *Constitution Article* IV, § 10, and *Revised Code* 1915, *par.* 3844.

That defendant in a judgment entered by confession on a forged warrant of attorney may obtain relief by application to the Superior Court to vacate it does not oust the Court of Chancery from jurisdiction of a bill to set aside such judgment and to cancel the forged instrument, under *Constittution Article* IV, § 10, and *Revised Code* 1915, *par.* 3844; the remedy at law not being sufficient and adequate.

Quere. Will the existence of a legal remedy oust the Court of Chancery from jurisdiction over a cause of action always cognizable before it in the exercise of its ancient jurisdiction?

BILL TO DECLARE JUDGMENT VOID. The bill alleges that the defendant secured a pretended judgment by confession in the Superior Court of this state, in and for Sussex county, against William S. Kinney, now deceased for $10,000 and costs; that the said pretended judgment was obtained by virtue of a pretended promissory note, under seal, with a warrant of attorney for confession of judgment attached thereto; that said promissory note with warrant of attorney attached, was not the promissory note or bond of William S. Kinney; that it was not made by him, nor by his direction or request; and that it was and is a forgery. The

judgment in question was, therefore, the bill alleges, unlawfully and fraudulently obtained by the defendant.

The prayers are that the judgment so obtained may be set aside and declared to be void and of no effect; that the defendant may be enjoined from assigning the same, or from proceeding in any manner by the issuance of execution for collecting the amount pretended to be due and payable thereunder; and for such other and further relief as the nature of the case may require.

The defendant has demurred to the bill, and urges as the sole ground of the demurrer that this court is without jurisdiction to grant the relief prayed, because the complainant has sufficient remedy at law.

The cause was heard on bill and demurrer.

*Daniel J. Layton* and *Frank M. Jones*, for the complainant.

*John M. Richardson* and *James M. Tunnell*, for the defendant.

THE CHANCELLOR. The Constitution of this state, in *Section 10, Article* IV, provides as follows:

"The Chancellor shall hold the Court of Chancery. This court shall have all the jurisdiction and powers vested by the laws of this state in the Court of Chancery."

*Paragraph* 3844 of the *Revised Code* of 1915, after defining in the first paragraph thereof the general jurisdiction of the Court of Chancery, proceeds in the last paragraph, as follows:

"Provided, that the Chancellor shall not have power to determine any matter wherein sufficient remedy may be had by common law, or statute, before any other court, or jurisdiction, of this state; but that where matters, determinable at common law, shall be brought before him in equity, he shall remit the parties to the common law; and when matters of fact, proper to be tried by a jury, shall arise in any cause depending in Chancery, the Chancellor shall order such facts to trial by issues at the bar of the Superior Court."

That the defendant in a judgment entered by confession upon a forged warrant of attorney may obtain relief from the judgment by application to the Superior Court to vacate it was decided by that court in *State, use of Duncan, v. Richardson*, 1 *Marv.* 372, 41 *Atl.* 75. Accordingly, the defendant contends that the complainant has a "sufficient remedy" at law and that this court is, under the statute, therefore without jurisdiction.

That equity can, in the exercise of its general jurisdiction, grant appropriate relief against forgery as well as against fraud in the strict sense, is very clear. *Sharon v. Hill*, (*C. C.*) 20 *Fed.* 1, ID., (*C. C.*) 36 *Fed.* 337; *Schmidt v. West*, (*C. C.*) 104 *Fed.* 272; *Alexander v. Davis*, 42 *W. Va.* 465, 26 *S. E.* 291; *In re Cooper*, 20 *Ch. Div.* 611. I do not understand the defendant to controvert this proposition.

The Superior Court, in entertaining applications to set aside a judgment because of forgery, exercises its jurisdiction, not because of any statutory authorization, but because, I suppose, of its inherent power over its own records. The case from 1 *Marvel*, above referred to, draws a distinction between the power of the Superior Court to vacate a judgment obtained by confession on a forgery and one obtained by fraud. In the former case it will afford relief; in the latter it will not, leaving the defendant to pursue his remedy in equity.

Now, as to the judgment involved here, we have a case where the aggrieved party may resort to equity in an appeal to its ancient jurisdiction, or he may resort to law. Does the statute above quoted, which denies to the Court of Chancery the right to hear a matter wherein sufficient remedy may be had at law, serve to oust that court of jurisdiction over a cause of action whose nature is such as to have always made it cognizable in equity? In *Fox v. Wharton*, 5 *Del. Ch.* 200, 224, this question is anwsered in the negative. The authority of Chancellor Walworth and of Lord Eldon are cited in support of the answer there given. Lord Chancellor Thurlow's opinion may be cited to the same effect. In *Jackson v. Mitchell*, 13 *Ves., Jr.* 581, he said:

"It [the bond in suit] must, however, now be taken to be bad at law; declarations of courts of law upon that point having been uniform of late. But it is also well settled, that the jurisdiction of courts of equity is not gone by the resolution of courts of law to adopt the principles of equity."

But even if it be admitted, contrary to the view of Chancellor Saulsbury in *Fox v. Wharton*, *supra*, that a remedy at law may oust the Court of Chancery of its heretofore conceded jurisdiction, yet clearly such would not be the case unless the remedy at law be full and complete, or, as our statute expresses it, "sufficient." In *Fox. v. Wharton* it was remarked that the legal

remedy there under discussion, viz., foreclosure of a mortgage at law, was not adequate or complete. That being so, it may be said that the general language of the Chancellor, to the effect that the ancient jurisdiction could not be destroyed by such statutory language as appears in our statute, was dictum. The dictum, however, appears to have been uttered after careful and deliberate study of the question.

In the instant case I am not required to rely entirely on the general principle expressed by this dictum, for here, as in *Fox v. Wharton*, the legal remedy does not appear to be sufficient. If the complainant is entitled to relief, such relief ought not to stop at setting aside the judgment, which is all that the Superior Court can do. The relief ought to go further and cancel the bond, as this court could do under the general prayer for relief. It may be true that if the judgment is set aside, the complainant will in all likelihood be troubled no more by it. But this circumstance, however, it seems to me, ought not to deprive him of his right to a destruction or cancellation of the forged instrument. Equity can secure to him this right. Law cannot.

The demurrer is overruled.