Information in the nature of a bill in equity. The State of Delaware on the relation of the Attorney General seeks a decree declaring the certificate of incorporation which purports to evidence the existence of the defendant, U. S. Realty Improvement Company, as a corporation of this State to have been fraudulently procured from the Secretary of State. The bill charges that the defendant, Glasgow, caused a certain paper purporting to be a certificate of incorporation to be filed in the office of the Secretary of State; that the Secretary of State thereupon filed the same and issued a duly certified copy thereof; and that the certificate was duly recorded as required by law. All the steps necessary to be taken in order to create a corporation of this State appear to have been regularly taken. The bill alleges that the purported certificate filed by Glasgow, though it appears to have been signed and acknowledged by three persons as required by law, was nevertheless not so signed and acknowledged; that the three names appearing thereon are fictitious names and that Glasgow signed all of them and himself made all the acknowledgments under the fictitious names assumed by him. Wherefore, the bill charges, the certificate of incorporation certified to by the Secretary of State was fraudulently obtained and the procuring and recording thereof constitute a fraud on the State. The bill further charges that the defendant Glasgow has used certificates of stock of said pretended corporation as collateral for the purpose of borrowing money, representing that said certificates represented stock in a corporation of similar name whose stock is quoted on the New York Stock Exchange at $140 per share; and that-the sole purpose of the attempted creation of the defendant corporation was the furtherance by the said Glasgow of such frauds.
The prayers for relief are that the purported certificate of incorporation be decreed to be void; that the record of the same be cancelled; and that the certificate of incorporation obtained from the Secretary of State be delivered up and cancelled.
The bill was taken pro confesso against the defendant U. S. Realty Improvement Company, and now came on for final hearing.
A certificate of incorporation evidences a contract between the State and the corporate entity created thereby. Morris v. American Public Utilities Co. (Del.Ch.) 122 A. 696. The bill in substance therefore seeks to cancel a contract which the State claims was procured by fraud. The representation contained in the certificate that three persons had associated themselves to establish a corporation, that they had signed and acknowledged the certificate, was false. The certificate containing this false representation was filed with the Secretary of State, who, being deceived thereby, received the same, filed it and gave a certified copy thereof to be recorded. The certified copy was duly recorded and from the date of such recordation the existence of the pretended corporation began.
That the contract between the State and the corporation was thus obtained by fraud is clear. When the Secretary of State was deceived by the false statements, the State, in whose behalf the Secretary was acting, was likewise deceived. This false and fraudulent statement was the inducing consideration which led to the acceptance *Page 139 
and filing of the certificate. I can see no reason why the State should not be permitted to sue in this court to undo all that the fraud had accomplished and to restore things so far as this alleged corporation is concerned to the status quo ante. In certain cases an individual may sue in equity to cancel contracts which are vitiated by fraud and false representation. The State in proper cases ought also to be permitted to do so. Here the contract is an executed one. The corporation on the face of the records in the office of the Secretary of State and of the Recorder of Deeds is a lawfully organized one. It would be a strange situation if the State could not appeal to this court to cancel the contract of incorporation which is fraudulently embodied in these records and take from the pretended corporation all color of legality which has been wrongfully and fraudulently conferred upon it.
If it be granted that quo warranto might lie to oust the defendant of its claimed franchise, nevertheless equity may exercise jurisdiction. The State is entitled to something more than a mere judgment of ouster which the writ of quo warranto would result in. It is entitled to a cancellation of the fraudulently induced records. By analogy, the principle of Hollis, Adm'r, v. Kinney, 120 A. 356, 13 Del. Ch. 366, would seem to apply upon the point of the inadequacy of the remedy at law. In Vanderbilt v. Mitchell, 67 A. 97, 72 N. J. Eq. 910, 14 L.R.A. (N.S.) 304, a birth certificate was ordered to be cancelled on the ground of false representations made by the person inducing the recording officer to record it. The record of the birth certificate was evidential under the statute of all the facts set forth therein and the court held that a party interested in the facts pretended to be evidenced by the certificate was entitled to have all record of it destroyed if, as charged, the facts therein stated were false. This was of course a case where a property right was involved. But the court recognized that such property right need be very slender, if indeed its presence be required at all, to justify a court of equity in proceeding to grant the relief of cancellation. The presence in this case of a pretended contract of incorporation between the State and the defendant, is enough to warrant the granting of the relief asked for. The law declares that the certificate and the copy of it recorded in the office of the Recorder of Deeds "shall be evidence in all courts of law and equity in this State." Copies, when duly certified or exemplified, would doubtless be evidence elsewhere. The State ought to be permitted to invoke the remedy of cancellation against these fraudulent evidential records. Unless cancellation is decreed, it will always be possible for anyone interested to secure certified copies of these records and use them as evidence that the State had created the corporation. Just as the court in the New Jersey case of Vanderbilt v. Mitchell, supra, conceived that an interested party was entitled to have the false evidential record of a birth obliterated, so here the State is entitled to seek a destruction of records which through fraud and deceit purport to show that a corporate charter has been granted by it in accordance with law.
The public character which the records possess is not a circumstance which can make cancellation an improper remedy, for not only can equity declare such records to be cancelled where they are found to be fraudulent, but the cancellation can be ordered to be made on the face of the records themselves. Fenton v. Way, 44 Iowa, 438; Jones v. Porter, 59 Miss. 628; Randazzo v. Roppolo (Sup.) 105 N. Y. S. 481; Andrews v. Auer, 143 N. W. 68, 177 Mich. 244; Vanderbilt v. Mitchell, supra.
It is hardly necessary to say that the basis on which the decree will rest is solely on the fraud practiced upon the State in procuring the certificate of incorporation. The allegations in the bill concerning the alleged use of stock certificates for the purpose of fraudulently obtaining loans of money have not entered into consideration as a ground for relief upon this particular bill.
A final decree in accordance with the foregoing will be entered.
 *Page 46