DANIEL T. HITCHENS,

*vs.*

SALLIE C. MILLMAN.

*Sussex, June* 21, 1932.

*James M. Tunnell* and *Frank M. Jones,* for complainant.

*Daniel J. Layton,* for defendant.

THE CHANCELLOR: A question is raised as to the jurisdiction. The solicitor for the defendant makes the point that in an action of ejectment at law, the complainant would be permitted to show that the deed was never delivered, that therefore he has a sufficient remedy at law and that as a consequence the Court of Chancery has no jurisdiction to entertain the bill. *Revised Code* 1915, § 3844. That the grantor in an allegedly undelivered deed may maintain ejectment against the grantee therein who is in possession and try out the issue of delivery, is shown by several cases reported in this State in which such actions have been tried without question as to their propriety as properly cognizable at law. *Pennel's Lessee v. Weyant,* 2 *Har.* 501, 502; *Doe, ex dem. Guest, v. Beeson,* 2 *Houst.* 246; *Littleton v. Johnson,* 3 *Boyce,* 97, 81 *A.* 47; *Smith v. May,* 3 *Penne.* 233, 50 *A.* 59; *Hitchens v. Ellingsworth,* 5 *Boyce,* 497, 94 *A.* 903.

At the same time, a Chancery case is reported in which a bill was entertained for the purpose of setting aside a deed solely on the ground of its non-delivery. *Jamison, et*

*al., v. Craven, Ex'r., et al.,* 4 *Del. Ch.* 311. The question of jurisdiction, however, was not raised in that case.

The defendant cites two cases in support of the proposition that a bill for cancellation of a deed on the ground that it was never delivered will be dismissed for the reason that the law affords an adequate remedy. These cases are *Woodward v. Woodward,* 8 *N. J. Eq.* 127, and *Pratt v. Pond,* 5 *Allen,* 59. The latter case supports the proposition in aid of which it is cited. The case from the New Jersey Equity report, however, does not seem to bear on the point, for in that case the grantee in the deed was out of possession and sought by his bill not to cancel the deed but to establish it, and, having established it, to be put in possession. The bill therefore was in substance a possessory action and the Chancellor very properly held that the complainant should be left to his remedy at law.

*Hollis v. Kinney,* 13 *Del. Ch.* 366, 120 *A.* 356, was a case in which it was sought to vacate a judgment entered on a forged judgment note and warrant of attorney for the confession of judgment. It was held that the bill was not demurrable on the ground of an adequate remedy at law. The opinion recognized that the law court in which the judgment was obtained would entertain an application to set the judgment aside. But this was not enough to warrant the Court of Chancery to refrain from proceeding with the bill before it, because, while there was, to be sure, a remedy at law, yet the remedy was not full and complete, there being no power in the law court to order a cancellation of the instrument on which the judgment was entered. Accordingly the demurrer was overruled.

The distinction between *Hollis v. Kinney, supra,* and the Massachusetts case of *Pratt v. Pond, supra,* lies in this —that while in both cases there was a concurrent remedy at law, yet in the former the legal remedy was not deemed to be full and complete, while in the latter it was. In his work on *Equity Jurisprudence* (*4th Ed.*) at *par.* 110, *vol.* 1, Prof. Pomeroy in commenting on the equitable remedy of

rescission and cancellation, observes that the remedy is applied directly in equity, but, though in appropriate cases it is recognized at law, the beneficial results of the remedy are obtained in the legal forum only in an indirect manner. The obtaining by the complainant in this cause of a judgment in ejectment against the defendant based on the non-delivery of the deed, would be an illustration of Prof. Pomeroy's text, for the judgment in that case would be a recognition of the complainant's right to have the deed declared to be void, but the remedy securing that right would be enjoyed in only an indirect way, viz., by compelling the defendant to give up the possession. It is well to proceed further with Prof. Pomeroy's comment in a later portion of the section referred to, as follows: "Here," he says (and this is applicable to the case of ejectment, just put), "the remedy of cancellation is not expressly asked for, nor granted by the court of law, but all of its effects are indirectly obtained in the legal action. It is true," he continues, "the equitable remedy is much broader in its scope, and more complete in its relief; for its effects are not confined to the particular action, but by removing the obnoxious instrument they extend to all future claims and actions based upon it."

That the law affords a remedy to the complainant is not enough to oust the jurisdiction of equity from the exercise of its remedies. The remedy at law must be adequate and complete, or as our statute phrases it, "sufficient." *Hollis v. Kinney, supra; Fox v. Wharton*, 5 *Del. Ch.* 200. See, also, *Illinois Finance Co. v. Interstate Rural Credit Asso.*, 11 *Del. Ch.* 349, 101 *A.* 870.

Inasmuch as the complainant, if he should prevail in an ejectment at law, could not obtain a cancellation of the deed, I am of the opinion that he is entitled to proceed with his suit in this court, which, if he prevails therein, will afford him the benefits of the full and complete remedy of cancellation. If he succeeds, the instrument which, borrowing Prof. Pomeroy's adjective, is obnoxious, will be re-

moved as a possible support for future claims and actions based upon it. This is especially desirable when it is remembered that a judgment in ejectment at law is not conclusive as to title. *Hawkins' Lessee v. Hayes*, 3 *Har.* 489; *Doe, ex dem. Bright, v. Stevens*, 1 *Houst.* 240.

In view of what precedes, it now becomes necessary to determine whether the evidence supports the complainant's claim that the deed was never delivered and therefore should be ordered to be cancelled.

It would serve no useful purpose to review the evidence. The only principle of law pertinent to its consideration is one that deals with the degree of proof requisite in such cases. In *Jamison, et al., v. Craven, Ex'r., et al., supra*, Chancellor Bates, after stating that the question of delivery is one of intention, proceeded to say—

"With respect to the measure of proof required, a difference is recognized in the cases depending upon the character of the deed, whether it be voluntary or made to give effect to a sale. In the former case the intention to part with the control of the deed is not presumed and a delivery must be proved strictly."

It is admitted that the deed in question was a voluntary one. No presumption of delivery, therefore, comes to the aid of the grantee. She rests under the rule of strict proof.

Notwithstanding the burden resting on her, however, I am of the opinion that she has successfully carried it. The testimony of the defendant and her witness, supplemented by the desire practically confessed by the complainant to forestall collection out of his property of a possible claim for damages arising out of a knife-cutting assault, persuade me that the complainant deliberately conveyed his life estate to the defendant, in whose home he then lived and with whom he was on friendly terms, and that he entertained a desire to upset the conveyance only when, some seven months thereafter, he and the defendant had a quarrel.

It is not pretended that the conveyance was made with

any understanding that it should be reconveyed when the pending difficulty of the complainant was adjusted or otherwise removed. The conveyance, though a voluntary one, was nevertheless absolute and unimpressed with any sort of collateral understanding by which a duty to reconvey was imposed on the defendant. It is therefore unnecessary to consider the other question discussed by the solicitor for the defendant of whether the complainant should be barred of equity's aid because of unclean hands.

Decree that the bill be dismissed, costs on the complainant.