WILLIAM J. McBANE, SR., ROSALYN J. McBANE, Petitioners, v. CENTRAL-PENN NATIONAL BANK OF PHILADELPHIA, a corporation of the State of Pennsylvania, and RENAIRE CORPORATION, a corporation of the State of Delaware, Respondents.

*(July* 18, 1956.)

CAREY, J., sitting.

*David Snellenburg, II* (of Killoran and VanBrunt) for petitioners.

*Victor J. Colombo* for respondents.

Superior Court for New Castle County, No. 484, March Term, 1955.

Carey, J.:

The question presented for decision is whether this Court has jurisdiction to vacate a judgment by confession entered upon a note, the signatures to which were induced by fraud or misrepresentation.

Some Delaware cases contain language suggesting that the Superior Court lacks jurisdiction to vacate a judgment by confession because of fraud, determination of such a question being within the jurisdiction of a Court of Equity. I *Woolley on Delaware Practice* 598; *State, Use of Duncan v. Richardson,* 1 *Marv.* 372, 41 *A.* 75; *Townsend v. Townsend,* 5 *Harr.* 20. On the other hand, language in certain other cases suggests that this refusal to entertain motions upon that ground may be based not upon lack of jurisdiction but upon the exercise of discretion. *Miles v. Lay-*

*ton,* 8 *W. W. Harr.* 411, 193 *A.* 567, 112 *A. L. R.* 786; *Plunkett v. Dillon,* 3 *Del. Ch.* 496; *Hollis v. Kinney,* 13 *Del. Ch.* 366, 120 *A.* 356. Any apparent discrepancy in these cases is, in all probability, explained by reference to the common law rules pertaining to an action of debt upon a specialty. Those rules permitted a defendant to plead forgery or fraud in the execution of the specialty. *Italo-Petroleum Corp. of America v. Hannigan,* 1 *Terry* 534, 14 *A.* 2d 401; *Van Valkenburgh v. Rouk,* 12 *Johns., N. Y.,* 337; *Dorr v. Munsell,* 13 *Johns., N. Y.,* 430. Because of the sanctity of the seal, however, he could not plead misrepresentation or fraud in the inducement, his only recourse being a suit in equity. *Vrooman v. Phelps,* 2 *Johns., N. Y.,* 177; 24 *Am. Jur.* 29; *Canning v. Star Publishing Co., D. C.,* 138 *F. Supp.* 843. Notwithstanding the oft-repeated statement that, in opening or vacating its own judgments, the Superior Court acts equitably under its inherent power over its own records, it is easy to understand why the foregoing distinction should be carried over into proceedings of this nature. That thought is supported by an analysis of the types of matters in which this Court has acted or refused to act. Thus in *State Use of Duncan v. Richardson, supra,* this Court retained jurisdiction where the ground for vacating the judgment was forgery, but declined to do so where the signature was admitted but was allegedly induced through false representations. The *Townsend* case, *supra,* likewise involved fraud in the inducement, as did also (apparently) *Rogers v. Rogers,* 6 *Penn.* 267, 66 *A.* 374. On the other hand, *Green v. Maloney,* 7 *Houst.* 22, 30 *A.* 672, was in part based upon the exact type of fraud charged in the present case, yet it was disposed of by this Court.

██ The fraud alleged here is, of course, fraud in the execution; it is clear that this Court does not lack jurisdiction. *Green v. Maloney, supra.* What rule is applicable today to a case of fraud in the inducement need not now be decided.

██ Assuming that this Court has the discretionary power to refer the parties to Chancery notwithstanding our jurisdiction to hear the case, no reason is offered in the present instance why

this Court should decline to proceed. The issue is relatively simple; the apparent number of witnesses who could testify upon that issue is small; the only relief sought is vacation of the judgment which, if ordered, will not otherwise affect the parties' rights with respect to the original transaction. It thus appears that the matter can be disposed of in this Court as conveniently and as comprehensively as in a Court of Equity. In making these statements, I of course have in mind that no answer has as yet been filed, and am basing my conclusions solely upon the allegations of the petition; there may be some factor connected with the defense of this motion that could conceivably require the intervention of the Chancellor; we must deal with that question if and when it is presented.

The motion to dismiss must be denied.